THE STATE, EX REL. WEIMER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Weimer, v. Indus. Comm. (1980), 62 Ohio St. 2d 159.]

(No. 79-1519—Decided May 7, 1980.)

Mr. *Paul Mancino, Jr.,* for appellant.

Mr. *William J. Brown,* attorney general, and *Mr. Bernard C. Fox, Jr.,* for appellee.

*Per Curiam.* At no point does appellant dispute the fact that due to clerical error, she was overpaid compensation for her industrial claim. The sole issue is whether recoupment of this overpayment can be made by deducting amounts from future payments.

Continuing jurisdiction is vested in the commission by R. C. 4123.52 which provides, in part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as in its opinion is justified."

Those cases which have construed this continuing jurisdiction provision have held generally that the commission's power to modify applies only to new and changed conditions, not merely to a review of situations already determined. *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27; *State, ex rel. Griffey,* v. *Indus. Comm.* (1932), 125 Ohio St. 27. Appellant argues that the commission cannot obtain recoupment because the overpayment was based upon a mistake of law and not fact.

Although the question presented here is *sui generis,* the mistake in this case was indisputably a clerical error. This is clearly a mistake of fact.

Appellant also asserts that the impetus to action by the commission under R. C. 4123.52 must come from an aggrieved party, *i.e.,* a claimant or an employer, as the case might be. In addition to the statute not so providing, this approach by appellant further relegates the commission to the position of a mere purseholder of public funds. This is not the role of the commission vis-a-vis the state insurance fund, as defined by

this court in *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, 396-397, as follows:

"***The commission should be held to have inherent power to prevent the misappropriation or the misapplication of the insurance fund to claimants who are afterwards found not to be entitled thereto. The state insurance fund is in the nature of a trust fund and it is the duty of the commission to impartially distribute the same among persons entitled thereto and not permit the fund to be depleted or become the object of fraud or imposition, and it being clearly their moral and legal duty to correct any mistake or fraud or imposition which will result in a misapplication or misappropriation of any part of the fund the law should not be so construed, even in case of ambiguity, neither should the legislature be held to have intended to enact any provisions which would in any manner hamper or interfere with the members of the commission in their efforts to properly protect the fund."

It was this language which was persuasive to the Court of Appeals herein, in conjunction with the continuing jurisdiction provided the commission under R. C. 4123.52.

Appellant also makes the assertion that she is being deprived of due process and equal protection of the laws. These allegations seem to be predicated principally upon the *ex parte* nature of the administrator's order for recoupment. Any deficiencies in this regard were corrected by appellant's subsequent opportunity to be heard and present evidence before both the board of review and the commission itself.

In view of the fiduciary responsibility of the commission for the state insurance fund and the grant of power to it under R. C. 4123.52, the acts of the commission and its agents were lawful herein.

Accordingly, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.