OPINIONS OF THE SUPREME COURT OF OHIO

**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Caddell, Appellant, v. Bureau of Workers' Compensation, Appellee.

[Cite as Caddell v. Bur. of Work. Comp. (1995),     Ohio St. 3d     .]

Workers' compensation -- Interruption of temporary total disability compensation payments by Bureau of Workers' Compensation without conducting a hearing -- hearing subsequently provided which remedied claimant's objection -- Not a deprivation of due process.

(No. 93-1600 -- Submitted November 1, 1994 -- Decided December 23, 1994.)

Appeal from the Court of Appeals of Franklin County, No. 92AP-1466.

Edward Caddell, appellant, suffered two injuries while working for his employer, the Southern Ohio Regional Transit Authority ("SORTA"). His first injury occurred on February 11, 1983, and resulted in claim No. PEL-22773 (the "first claim") at the Bureau of Workers' Compensation (the "bureau"), appellee. Appellant's second injury occurred on May 2, 1984, and resulted in claim No. PEL-28892 (the "second claim") at the bureau. In addition to filing claims with the bureau, appellant applied for and received sickness and accident benefits from SORTA's insurance provider, Metropolitan Life Insurance Co.

After a court upheld appellant's claim for workers' compensation benefits, SORTA informed appellant that because he would receive both workers' compensation benefits and sickness and accident benefits for the same injury, he must repay the sickness and accident benefits he received from the employer's insurance provider.

After appellant did not repay the sickness and accident benefits, SORTA filed a motion with the bureau to have its workers' compensation risk credited for the amount of sickness and accident benefits paid to appellant. A district hearing officer concluded that there had been no overpayment. The

Dayton Regional Board of Review ("DRB") reversed this conclusion of the district hearing officer and ordered the bureau to credit SORTA's risk for the periods from April 29, 1983 to August 6, 1983 and September 29, 1983 to April 2, 1984.  The DRB also let stand the district hearing officer's finding that appellant concurrently received sickness and accident benefits and workers' compensation benefits for the above mentioned periods.  Appellant's counsel was present at this hearing.

The bureau credited SORTA's risk and issued an adjustment order to collect the overpayment that appellant had received. The adjustment order in effect directed the bureau to deduct the amount that appellant had been overpaid in his first claim from the temporary total disability compensation benefits that appellant was receiving for his second claim.  The adjustment order was sent to appellant on April 15, 1989. Attached to the order was a form letter, which informed appellant that he had ten days to appeal the order.  Appellant filed his objection on April 27, 1989.  The bureau declined to provide appellant with a hearing because it contended that the objection was filed more than ten days after its order was sent to appellant.

On July 31, 1989, and November 2, 1989, the bureau deducted the calculated overcompensation that appellant received in the first claim from payments the bureau was making to appellant for the second claim.

On January 19, 1990, appellant's request for a hearing was granted.  After the hearing was conducted, a district hearing officer found that the bureau had miscalculated the amount that appellant had been overpaid.  The hearing officer found that appellant received overlapping payments from April 23, 1983 through July 10, 1983 and from October 6, 1983 to November 10, 1983, rather than from April 29, 1984 to August 6, 1983 and September 29, 1983 to April 2, 1984.  The bureau had deducted too much from the payments that appellant was receiving for his second claim.  The bureau was ordered to recalculate the overpayment and compensate appellant for the money the bureau had wrongly deducted from appellant's second-claim payments. Appellant did not object to or appeal this order.

On March 1, 1990, the bureau repaid appellant $10,362,63, and on April 26, 1990, payment of appellant's temporary total compensation for his second claim recommenced.

Appellant filed a complaint in the Court of Claims alleging that the bureau had intentionally inflicted emotional distress on appellant; and urging  that the bureau had violated his constitutional rights, and that the bureau had acted illegally when it -- without conducting a hearing -- set-off the amount of money which was overpaid to him in his first claim from the amount of money he was receiving from his second claim.  The case was tried to the trial court in a bench trial on stipulated evidence and briefs.  The trial court entered judgment for the bureau.  The trial court held that appellant had failed to prove that the bureau acted in bad faith, violated his right to due process, or was guilty of conversion or other tortious conduct.

The Court of Appeals of Franklin County affirmed the judgment of the trial court.

The cause is now before this court pursuant to the

allowance of a motion to certify the record.

Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant and urging reversal for amici curiae, Ohio AFL-CIO and Ohio Academy of Trial Lawyers.

Lee I. Fisher, Attorney General, and Peter E. DeMarco, Assistant Attorney General, for appellee.

Pfeifer, J.

I

This court has never recognized the common-law-based cause of action for deprivation of due process. Assuming that such a tort exists, appellant in order to prevail would need to prove, at the very least, that he was deprived of due process. In the present case, appellant was not deprived of due process. A deprivation of procedural due process does not occur when a claimant is initially deprived of a hearing if a hearing is subsequently provided to the claimant. State, ex rel. Weimer v. Indus. Comm. (1980), 62 Ohio St.2d 159, 161, 16 O.O.3d 174, 175, 404 N.E.2d 149, 151.

In this case, the bureau interrupted appellant's temporary total disability compensation payments without conducting a hearing, but subsequently provided appellant with a hearing that remedied his objection. During this hearing, appellant demonstrated to the bureau that it had miscalculated the amount of double compensation that appellant had received for his first injury. As a result of the hearing, the bureau acknowledged its miscalculation and ordered an adjustment so that appellant would be repaid the amount of money which was wrongfully withheld from him. According to Weimer, this subsequent hearing afforded appellant due process.

II

Appellant contends that the bureau should be liable when it in bad faith terminates a claimant's workers' compensation benefits. We decline to address this proposition of law. While it may become necessary to hold the bureau liable when it, or its employees, have intentionally and wrongfully withheld a claimants' benefits, this case does not present such a scenario. This case involves a claimant who admits that he received double compensation for his injury from his employer and who admits that he was eventually paid those benefits that the bureau had improperly withheld. Because appellant's treatment by the bureau does not involve a matter of public or great general interest, we dismiss those portions of this appeal addressing the bad faith issue, sua sponte, as having been improvidently allowed.

III

Accordingly, we affirm the judgment of the court of appeals in part and dismiss this cause in part.

Judgment affirmed in part
and appeal dismissed in part.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.