CADDELL, APPELLANT, *v.* BUREAU OF WORKERS' COMPENSATION, APPELLEE.

[Cite as *Caddell v. Ohio Bur. of Workers'
Comp.* (1994), 71 Ohio St.3d 300.]

(No. 93–1600—Submitted November 1, 1994—Decided December 23, 1994.)

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellant and urging reversal for *amici curiae,* Ohio AFL–CIO and Ohio Academy of Trial Lawyers.

*Lee I. Fisher,* Attorney General, and *Peter E. DeMarco,* Assistant Attorney General, for appellee.

PFEIFER, J.

## I

This court has never recognized the common-law-based cause of action for deprivation of due process. Assuming that such a tort exists, appellant in order to prevail would need to prove, at the very least, that he was deprived of due process. In the present case, appellant was not deprived of due process. A deprivation of procedural due process does not occur when a claimant is initially deprived of a hearing if a hearing is subsequently provided to the claimant. *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 161, 16 O.O.3d 174, 175, 404 N.E.2d 149, 151.

In this case, the bureau interrupted appellant's temporary total disability compensation payments without conducting a hearing, but subsequently provided appellant with a hearing that remedied his objection. During this hearing, appellant demonstrated to the bureau that it had miscalculated the amount of double compensation that appellant had received for his first injury. As a result of the hearing, the bureau acknowledged its miscalculation and ordered an adjustment so that appellant would be repaid the amount of money that had been wrongfully withheld from him. According to *Weimer,* this subsequent hearing afforded appellant due process.

## II

Appellant contends that the bureau should be liable when it in bad faith terminates a claimant's workers' compensation benefits. We decline to address this proposition of law. While it may become necessary to hold the bureau liable when it, or its employees, have intentionally and wrongfully withheld a claimants' benefits, this case does not present such a scenario. This case involves a claimant who admits that he received double compensation for his injury from his employer and who admits that he was eventually paid those benefits that the bureau had improperly withheld. Because appellant's treatment by the bureau does not involve a matter of public or great general interest, we dismiss those portions of this appeal addressing the bad faith issue, *sua sponte,* as having been improvidently allowed.

## III

Accordingly, we affirm the judgment of the court of appeals in part and dismiss this appeal in part.

*Judgment affirmed in part*
*and appeal dismissed in part.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.