The State ex rel. Schirtzinger, Appellee,
*v.* Mihm, Admr., et al., Appellants.

[Cite as *State ex rel. Schirtzinger v. Mihm* (1998), 81 Ohio St.3d 459.]

(No. 95–1381—Submitted January 20, 1998—Decided April 22, 1998.)

460

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellants.

***Per Curiam.*** There are four criteria for denying temporary total disability compensation: (1) actual return to work; (2) medical ability to return to the former position of employment; (3) refusal of suitable, alternate employment; and (4) permanency/maximum medical improvement. R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586; *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125. Despite the tenor of the briefs before us, we are not persuaded that the key issue in this case is one of eligibility as much as it is one of jurisdiction.

The district hearing officer terminated claimant's temporary total disability compensation as of January 23, 1992. That order was not appealed. This meant that the employer's request to change the termination date could be entertained only through the commission's exercise of continuing jurisdiction. Continuing jurisdiction, however, can be exercised when one of several preconditions, only one of which has been alleged here—clerical error—exists.

A mistake of fact—which includes clerical error—justifies invocation of continuing jurisdiction. *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149. The commission attempts to characterize

temporary total disability compensation payments in this case as clerical error—an argument that we reject.  This is not a situation in which a typist inadvertently transposed digits.  Payment of temporary total disability compensation was instead the result of several deliberate extensions of compensation by the bureau. This contradicts the suggestion that payment was somehow accidental and misdirected.  Appellants have presented no evidence—nor did the regional board or staff hearing officer orders cite any—that shows that payment was the result of a clerical mixup.  As such, we find that the commission lacked jurisdiction to reexamine claimant's entitlement to temporary total disability compensation from September 19, 1990 through October 20, 1991.

The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.