**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 459.]**

THE STATE EX REL. SCHIRTZINGER, APPELLEE, *v*. MIHM, ADMR., ET AL.,

APPELLANTS.

**[Cite as *State ex rel. Schirtzinger v. Mihm*, 1998-Ohio-512.]**

*Workers' compensation—Temporary total disability compensation benefits—*
*Overpayment—Termination of benefits—Request by employer to change*
*termination date—Industrial Commission lacks jurisdiction to reexamine*
*claimant's entitlement to temporary total disability compensation benefits,*
*when.*

(No. 95-1381—Submitted January 20, 1998—Decided April 22, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD04-573.

————————————

{¶ 1} In August 1987, appellee-claimant, Joseph Schirtzinger, was injured in the course of and arising from his employment with Select Tool & Die. Soon thereafter his workers' compensation claim was allowed and he began receiving temporary total disability compensation. On September 19, 1990, claimant's attending physician, Dr. Mark S. Klug, prepared a C-84 "Physician's Report Supplemental." The report certified claimant as unable to return to his former position of employment until January 1, 1991. Based on this certification, appellant Bureau of Workers' Compensation extended claimant's temporary total disability compensation through December 31, 1990. That same C-84, however, also noted that "[patient] has reached maxium [*sic*] medical improvement."

{¶ 2} A subsequent C-84 report dated December 14, 1990 delayed claimant's return to work until April 1, 1991, and the bureau again paid temporary total disability compensation. That C-84 report also indicated that claimant had reached maximum medical improvement. Finally, two C-84 reports dated July 31, 1991 and October 10, 1991—again noting maximum medical improvement—

ultimately postponed claimant's return to work to December 1 and 2, 1991, respectively. Temporary total disability compensation was extended to October 20, 1991, after which time claimant was switched to living maintenance benefits.

{¶ 3} For reasons that are unclear, the issue of claimant's extent of disability came before a district hearing officer for appellant Industrial Commission of Ohio on January 23, 1992. The hearing officer ordered:

"* * * [C]laimant's condition has reached maximum medical recovery, in that the claimant's condition, in all reasonable medical probability, will continue for an indefinite period of time without any present indication of recovery therefrom. * * * No further compensation is to be paid in this claim without a formal hearing.

"Findings based on medical reports of Drs. Jump, Klug."

{¶ 4} The order was not appealed.

{¶ 5} Claimant's employer later filed a motion with the commission, requesting that "an overpayment be declared, for Temporary Total Disability compensation paid to the claimant, after September 19, 1990. The claimant's attending physician, Mark S. Klug, indicated that the claimant has reached maximum medical improvement as of 9/19/90, on the attached C-84 Attending Physician's Supplemental Report."

{¶ 6} A district hearing officer denied the employer's motion. The regional board of review, however, vacated the district hearing officer's order, finding:

"* * * [C]laimant reached maximum medical improvement as of 9-19-90 based on the C-84 reports of Dr. Klug. To the extent claimant was paid temporary total disability compensation after 9-19-90[,] there is an overpayment. Refer to LTADJ [lost time adjustment] to process overpayment."

{¶ 7} Staff hearing officers affirmed the board's decision.

{¶ 8} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in vacating his

award of temporary total disability compensation from September 19, 1990 through October 20, 1991. The court of appeals agreed and granted the writ.

{¶ 9} This cause is now before this court upon an appeal as of right.

_____

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellants.

_____

***Per Curiam.***

{¶ 10} There are four criteria for denying temporary total disability compensation: (1) actual return to work; (2) medical ability to return to the former position of employment; (3) refusal of suitable, alternate employment; and (4) permanency/maximum medical improvement. R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586; *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125. Despite the tenor of the briefs before us, we are not persuaded that the key issue in this case is one of eligibility as much as it is one of jurisdiction.

{¶ 11} The district hearing officer terminated claimant's temporary total disability compensation as of January 23, 1992. That order was not appealed. This meant that the employer's request to change the termination date could be entertained only through the commission's exercise of continuing jurisdiction. Continuing jurisdiction, however, can be exercised when one of several preconditions, only one of which has been alleged here—clerical error—exists.

{¶ 12} A mistake of fact—which includes clerical error—justifies invocation of continuing jurisdiction. *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149. The commission attempts to characterize temporary total disability compensation payments in this case as

clerical error—an argument that we reject.  This is not a situation in which a typist inadvertently transposed digits.  Payment of temporary total disability compensation was instead the result of several deliberate extensions of compensation by the bureau.  This contradicts the suggestion that payment was somehow accidental and misdirected.  Appellants have presented no evidence—nor did the regional board or staff hearing officer orders cite any—that shows that payment was the result of a clerical mixup.  As such, we find that the commission lacked jurisdiction to reexamine claimant's entitlement to temporary total disability compensation from September 19, 1990 through October 20, 1991.

**{¶ 13}** The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____