OPINION
Defendant-appellant Michael Rowles appeals from his conviction and sentence, following a no contest plea, for Driving Under a Suspension based on failure to comply with financial responsibility requirements, in violation of Sec. 436.07(A) of the Xenia City Ordinances.
Rowles contends that the trial court should have dismissed the charges, based upon his counsel's representation that the State was willing to dismiss the charges; that the trial court erred in finding him guilty of the charges because it lacked a proper explanation of circumstances supporting the charges, and it failed to inform him of the consequences of his plea; that the trial court erred when it journalized a more severe sentence than the one given in open court; and that the trial court erred in not giving him jail time credit.
We agree with the State that the trial court was not required to dismiss a criminal charge upon the mere representation, by defendant's counsel, that the State was willing to dismiss the charges. We agree with Rowles that the trial court erred when it accepted his no contest plea without providing any explanation of the effect of the plea. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings. We find it unnecessary to determine whether error occurred after the acceptance of Rowles' plea, since we conclude that the acceptance of his plea was error.
 I
Rowles was stopped for running a red light, and the stopping police officer determined that his license had been suspended under the financial responsibility laws, and also that he was using fictitious license plates. The officer cited Rowles for Driving Under Suspension, in violation of Section 436.07 of the Xenia City Ordinances, but decided to give Rowles a break by not charging him with using fictitious plates. There was some delay in bringing Rowles before the court upon the charge, as a result of his incarceration on unrelated felony charges. In due course, however, Rowles appeared in the trial court, represented by counsel, and tendered a no contest plea, which was accepted. Rowles was found guilty, "based on the paperwork in the file," and was sentenced accordingly. From his conviction and sentence, Rowles appeals.
 II
Rowles' First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN NOT ACCEPTING A DISMISSAL OF THE CASE.
Rowles contends that the trial court was bound to dismiss the charge against him when his trial counsel represented to the court that: "They are willing to dismiss based upon time served." During this proceeding, which was the proceeding in which Rowles pled no contest, was found guilty, and was sentenced, no one appeared on behalf of the State.
Rowles relies upon Crim.R. 48(A) and State v. Adams (1980),62 Ohio St.2d 151, for the proposition that the trial court was required to dismiss the charge against him. Crim.R. 48(A), provides, in its entirety, as follows:
 The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.
We agree with the State that the above-quoted rule has no application in the case before us. The State did not seek leave of court and did not file in open court, or otherwise, an entry of dismissal of the complaint against Rowles.
We have read State v. Adams, supra, and are perplexed. We can find nothing in that opinion, nor, specifically, in the page cited by Rowles (62 Ohio St.2d 159, 404 N.E.2d 149), that pertains to this issue.
Rowles' First Assignment of Error is overruled.
 III
Rowles' Second Assignment of Error is as follows:
THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY.
In connection with this assignment of error, Rowles points out that the trial court did not comply with Crim.R. 11(D), in that he was not advised of the effect of his no contest plea. Crim.R. 11(D) applies to misdemeanor cases involving serious offenses. A serious offense is any felony, or any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim.R. 2(C). The penalty prescribed for the offense for which Rowles was convicted, Xenia City Ordinance 436.07(a), is set forth Sec. 408.01 of the Xenia City Ordinances. Neither party has favored us with a copy of that section of the ordinances. Accordingly, we cannot determine whether Rowles' offense was a serious offense, governed by Crim.R. 11(D), or a petty offense, governed by Crim.R. 11(E). Even the latter division of the Rule, however, requires some explanation of the effect of the plea. It provides, in pertinent part, as follows:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
The State does not assert that the trial court informed Rowles of the effect of his no contest plea, but invites this court to examine the record. We have done so, and we find nothing that could be deemed to constitute the trial judge's having informed Rowles of the effect of his no contest plea. This is, perhaps, understandable, in view of Rowles experience and evident familiarity with criminal procedure. Indeed, it was Rowles who interrupted his counsel to interject that his plea was no contest.
Nevertheless, Crim.R. (E), like Crim.R. (D), requires that the trial court personally inform the defendant of the effect of the pleas of guilty, no contest, and not guilty, before accepting a no contest plea. Accordingly, the trial court erred in accepting Rowles' plea.
Once Rowles' plea was accepted, the trial court found him guilty, "based on the paperwork in the file." The complaint includes the citing police officer's written statement, but that does not include information concerning the prior offenses that were evidently used to enhance Rowles' sentence. Query whether facts that are merely relied upon to enhance a sentence are required to be recited as part of the explanation of circumstances required by R.C. 2937.07 to form the basis for an adjudication of guilt.
The State concedes that a remand is necessary in order for the trial court to determine the record upon which the trial court relied in imposing sentence. We find it unnecessary to consider this nuance, however, since we have concluded that the trial court erred when it accepted Rowles' plea. The acceptance of Rowles' no contest plea was prejudicial, and therefore entitles him to a reversal of the judgment of conviction, and a remand of this cause to the trial court for further proceedings from the point where prejudicial error occurred. Upon remand, if Rowles is inclined to maintain the tender of his no contest plea, the trial court must advise him of the effect of guilty, no contest, and not guilty pleas, in accordance with Crim. R. 11(D) or (E), whichever is applicable to the offense with which he is charged.
Rowles' Second Assignment of Error is sustained to the extent that we conclude that the trial court erred in accepting his no contest plea.
 IV
Rowles' Third and Fourth Assignments of Error are as follows:
 THE TRIAL COURT ERRED WHEN IT JOURNALIZED A MORE SEVERE SENTENCE THAN THE ONE GIVEN IN OPEN COURT.
 THE TRIAL COURT ERRED IN NOT GIVING APPELLANT JAIL TIME CREDIT.
We find it unnecessary to determine these assignments of error, in view of our disposition of Rowles' Second Assignment of Error. Accordingly, Rowles' Third and Fourth assignments of error are overruled as moot.
 V
Rowles' Second Assignment of Error having been sustained in part, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Amy H. Lewis
David R. Miles
Hon. Susan L. Goldie