THE STATE EX REL. TISDALE, APPELLANT, *v.* CHERRY HILL MANAGEMENT, INC. ET AL.; ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION ET AL., APPELLEES.

[Cite as *State ex rel. Tisdale v. Cherry Hill Mgt., Inc.* (2000), 88 Ohio St.3d 423.]

(No. 98–2239—Submitted April 11, 2000—Decided May 17, 2000.)

424

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., James A. Whittaker* and *Stephen P. Gast,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellees.

---

***Per Curiam.*** R.C. 4123.522 provides:

"The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter * * *. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.

"If any person to whom a notice is mailed *fails to receive the notice* and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person." (Emphasis added.)

Claimant received the commission's order. He argues, however, that his reading difficulties left him without "actual knowledge of the import of the order." The court of appeals rejected this argument, as do we.

At the outset, we note that the court of appeals found that the claimant had waived any right to challenge on due process grounds the denial of R.C. 4123.522 relief. Analysis, therefore, is confined to the statute itself.

R.C. 4123.522 is a narrow statute designed to remedy a *single* specific problem—a party's failure to receive notice of a commission decision. There is no inquiry into a party's actual knowledge of an order's content, unless the party *first* establishes that the order was not received. Claimant cannot satisfy this preliminary requirement.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.