DECISION
{¶ 1} In this original action, relator, Amy L. Gager, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her motion for the commission to consider her filing of a waiver of appeal as a notice of appeal pursuant to R.C. 4123.522 and4123.52. For the foregoing reasons, we deny relator's request.
 {¶ 2} Relator was injured on December 7, 2001, during her course of employment as a teacher for respondent Bellefaire JCB. An assigned claim, number 01-87083, was allowed for "sprain of neck; sprain lumbosacral; sprain right shoulder/arm." Relator moved for an additional allowance for "impingement right shoulder" and authorization for surgery on March 10, 2004. A hearing was held before a district hearing officer ("DHO") on June 4, 2004 and relator's claim was allowed.
 {¶ 3} Respondent appealed the DHO's order to a staff hearing officer ("SHO") on July 29, 2004, and the DHO's order was vacated. On August 16, 2004, in her efforts to appeal the SHO's order, relator, acting without counsel, erroneously filed a C-108 "Waiver of Appeal" form with the Bureau of Workers' Compensation ("BWC").
 {¶ 4} On September 30, 2004, relator filed a motion, through counsel, requesting that the commission invoke continuing jurisdiction pursuant to R.C. 4123.522 and 4123.52 and grant her the right to appeal the SHO's order. Relator argued that the BWC assured her that the "Waiver of Appeal" form was the applicable form for filing a notice of appeal, thus resulting in a mistake of fact.
 {¶ 5} A January 5, 2005 hearing was held on relator's September 30, 2004 motion. Therein, an SHO noted that continuing jurisdiction may be invoked by the commission only under certain circumstances, including clear mistake of fact. The SHO concluded that relator "failed to establish any of the prequisties [sic] that would allow the Industrial Commission to exercise its continuing jurisdiction" and denied the motion.
 {¶ 6} Relator filed a mandamus action with this court alleging that the commission's order was not based on any evidence and that, by filing the wrong form, a clear mistake existed justifying the invocation of continuing jurisdiction by the commission. Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. The magistrate rendered a decision on February 24, 2006, including findings of fact and conclusions of law. (Attached as Appendix A.) Based upon his application of R.C.4123.522, 4123.52, and relevant case law to these facts, the magistrate found that the BWC and the commission correctly treated relator's filing as a waiver of appeal.
 {¶ 7} The magistrate held that R.C. 4123.522 does not apply to this case because the statute only operates in cases where a party does not receive notice of the commission's decision. SeeState ex rel. Tisdale v. Cherry Hill Mgt., Inc. (2000),88 Ohio St.3d 423. Whether relator received notice is not an issue herein; she admits that she did. Accordingly, the magistrate correctly held that relator is not entitled to relief under R.C.4123.522.
 {¶ 8} The magistrate further held that relator is not entitled to relief under R.C. 4123.52 because case law has limited continuing jurisdiction to only certain circumstances, one of which is a clear mistake of fact. The magistrate concluded that relator failed to show that filing the wrong form was a clear mistake of fact under State ex rel. Weimer v. Indus.Comm. (1980), 62 Ohio St.2d 159; and State ex rel. Schirtzingerv. Mihm (1998), 81 Ohio St.3d 459. Both cases included clerical error as a mistake of fact, which is not the situation herein. The magistrate found that, even if relator was misled in filing the wrong form, the error was not clerical, nor was it anyone's mistake but her own. Neither the bureau nor the commission could have treated the form as anything other than what it was purported to be; a waiver of appeal. Accordingly, the magistrate recommended that relator's request for a writ of mandamus be denied.
 {¶ 9} Relator filed objections to the magistrate's decision rearguing the same objections as presented to the magistrate. Upon review, it is evident that the magistrate sufficiently addressed relator's objections, and that an alternative decision cannot be reached.
 {¶ 10} The power of the commission to invoke continuing jurisdiction is not limitless. Relying upon the holdings inWeimer and State ex rel. BC Machine Co. v. Indus. Comm.
(1992), 65 Ohio St.3d 538, the Supreme Court of Ohio noted inState ex rel. Foster v. Indus. Comm. (1999), 85 Ohio St.3d 320
that "[c]ontinuing jurisdiction is proper when an order contains an obvious mistake of fact or law." Id. at 322. Furthermore, the mistake must be clear. State ex rel. Meris v. Indus. Comm.,108 Ohio St.3d 113, 2006-Ohio-247; State ex rel. Nicholls v. Indus.Comm. (1998), 81 Ohio St.3d 454; Foster, at 322. Ergo, for the commission to invoke continuing jurisdiction, there must be a clear mistake of fact contained in the order.
 {¶ 11} There was no clear mistake of fact contained in the commission's order herein. The only mistake alleged is that the wrong form was filed by relator at the instruction of a BWC employee. Despite relator's claim that she was misled by the BWC, relator ultimately chose to read, sign, and file the C-180 form waiving her right to appeal. Continuing jurisdiction cannot be invoked based upon relator's mistake, regardless of why the mistake may have been made.
 {¶ 12} Pursuant to Civ.R. 53, we have conducted a full review of the magistrate's decision, relator's objections and all submitted memoranda. For the reasons stated, relator's objections are overruled and we adopt the magistrate's recommendation. We deny relator's request for a writ of mandamus.
Objections overruled;
 Writ of mandamus denied.
Bryant and French, JJ., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Amy L. Gager, :
Relator, :
v. : No. 05AP-945
Industrial Commission of Ohio : (REGULAR CALENDAR) and Bellefaire JCB, :
Respondents. :
 MAGISTRATE'S DECISION Rendered on February 24, 2006 Stocker Pitts Co., LPA, and Thomas R. Pitts, for relator.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 13} In this original action, relator, Amy L. Gager, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her motion that the commission, pursuant to its authority under R.C.4123.522 and 4123.52, treat her filing of an appeal waiver as a notice of appeal.
Findings of Fact:
 {¶ 14} 1. On December 7, 2001, relator sustained an industrial injury while employed as a teacher for respondent Bellefaire JCB ("employer"), a state-fund employer. The industrial claim was initially allowed for "sprain of neck; sprain lumbosacral; sprain right shoulder/arm," and was assigned claim number 01-870873.
 {¶ 15} 2. On March 10, 2004, relator moved for an additional claim allowance and for authorization of right shoulder surgery.
 {¶ 16} 3. Following a June 4, 2004 hearing, a district hearing officer ("DHO") issued an order additionally allowing the claim for "impingement right shoulder" and granting authorization for right shoulder surgery.
 {¶ 17} 4. The employer administratively appealed the DHO order of June 4, 2004.
 {¶ 18} 5. Following a July 29, 2004 hearing, a staff hearing officer ("SHO") issued an order that vacated the DHO order, disallowed the claim for "impingement right shoulder," and denied authorization for right shoulder surgery. The SHO's order indicates that it was mailed on July 31, 2004.
 {¶ 19} 6. On August 8, 2004, relator filled out and signed form C-108 which is captioned "WAIVER of Appeal Period." The C-108 form instructs:
Please read the following information before signing thisform:
Ohio workers' compensation law permits parties to a claim to waive, in writing, their right to appeal orders issued by the Bureau of Workers' Compensation (BWC) and the Industrial Commission (IC). To waive an order's appeal period, all parties must submit written and signed requests. Waivers will not be granted without the agreement of all parties to a claim. When all parties agree to waive their appeal rights the order's 14-day appeal period is cancelled.
This request for waiver of appeal applies only to the order specified below, not to all past or future orders affecting the claim. Therefore, waiving your right to appeal an order will not prohibit you from appealing other orders pertaining to the claim.
 {¶ 20} 7. Immediately above relator's signature, the form reads: "The undersigned agree to waive the right to appeal the order dated [July 29, 2004] which was issued in the above named claim." Relator filled in the date of the order subject to the waiver.
 {¶ 21} 8. The record indicates that the above-described C-108 waiver of appeal period was filed with the Ohio Bureau of Workers' Compensation ("bureau") on August 16, 2004.
 {¶ 22} 9. On September 30, 2004, relator, through counsel, filed a motion stating:
Injured worker, by and through undersigned counsel, respectfully requests that the Industrial Commission invoke continuing jurisdiction under R.C. 4123.522/52 regarding her right to appeal the Staff Hearing Officer's Findings of 7-31-04. Injured worker was advised that the Waiver of Appeal was the correct form to utilize in filing an appeal of the Staff Hearing Officer's Findings of 7-31-04.
 {¶ 23} 10. In support of her motion, relator submitted her affidavit executed September 30, 2004, stating:
* * * I received a copy of the Staff Hearing Officer's Order of 7-31-04 on 8-8-04.
* * * I previously had printed off the Bureau of Workers' Compensation website a Waiver of Appeal form.
* * * After I received the 7-31-04 Order, I pulled the Waiver of Appeal form from my file and called the Bureau of Workers' Compensation to make sure that this was the correct form to file an appeal of the Order of 7-31-04.
* * * The Bureau of Workers' Compensation assured me that the Waiver of Appeal form was the correct form.
* * * On August 8, 2004, I completed and mailed the Waiver of Appeal form to the Industrial Commission of Ohio at 30 West Spring Street, Columbus, OH 43215.
* * * Pursuant to R.C. 4123.522/52, I am requesting that my appeal filed on 8-8-04 be processed.
 {¶ 24} 11. Following a January 5, 2005 hearing, an SHO issued an order denying relator's September 30, 2004 motion:
On July 29, 2004, a Staff Hearing Officer issued an order denying the injured worker's request for further allowance in this claim. Instead of filing an appeal to the Staff Hearing Officer's order, the injured worker filed a waiver of her appeal. She indicates that she was unsure that she was filing the correct form so she contacted some employee at the Bureau of Workers' Compensation who assured her that the waiver form was correct. Ultimately, the injured worker found out that she had not actually perfected her appeal. She is now asking the Industrial Commission to exercise its continuing jurisdiction pursuant to Ohio Revised Code Section 4123.52 and grant her right to appeal the order.
The Staff Hearing Officer finds that the injured worker has failed to set forth appropriate grounds for the Industrial Commission to exercise its continuing jurisdiction.
It is well settled law that the Industrial Commission's power to exercise its continuing jurisdiction is not unlimited. The Commission may only exercise continuing jurisdiction when the requesting party shows 1) new and changed circumstances subsequent to the initial order; 2) fraud in the claim; 3) a clear mistake of fact in the order; 4) a clear mistake of law of such character that remedial action would clearly follow; or 5) an error by an inferior administrative tribunal or subordinate hearing officer which renders the order defective.
In this case the injured worker has failed to establish any of the prequisties [sic] that would allow the Industrial Commission to exercise its continuing jurisdiction; therefore, the injured worker's motion is DENIED.
(Emphasis sic.)
 {¶ 25} 12. On September 6, 2005, relator, Amy L. Gager, filed this mandamus action.
Conclusions of Law:
 {¶ 26} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 27} Relator sought relief from the commission under R.C.4123.522 and 4123.52.
 {¶ 28} R.C. 4123.522 states:
If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. * * *
 {¶ 29} In State ex rel. Tisdale v. Cherry Hill Mgt., Inc.
(2000), 88 Ohio St.3d 423, 425, the court states: "R.C. 4123.522
is a narrow statute designed to remedy a single specific problem — a party's failure to receive notice of a commission decision." (Emphasis sic.)
 {¶ 30} Here, relator admits in her affidavit that she received the SHO's order on August 8, 2004. Thus, there is no claim here that relator failed to receive the order.
 {¶ 31} Under such circumstances, relator cannot be entitled to R.C. 4123.522 relief. Tisdale.
 {¶ 32} R.C. 4123.52 states:
The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * *
 {¶ 33} Continuing jurisdiction is not unlimited. Its prerequisites are: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; and (5) error by an inferior tribunal. State ex rel. Nicholls v. Indus.Comm. (1998), 81 Ohio St.3d 454, 459; State ex rel. B CMachine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538.
 {¶ 34} In the cases enumerating the prerequisites for continuing jurisdiction, State ex rel. Weimer v. Indus. Comm.
(1980), 62 Ohio St.2d 159, is generally cited to support the proposition that clear mistake of fact is one of the prerequisites.
 {¶ 35} In Weimer, a bureau claims examiner discovered that the claimant had been overpaid compensation because of a clerical error. The Weimer court held that the commission could recoup the overpayment under its R.C. 4123.52 continuing jurisdiction. The Weimer court stated:
Although the question presented here is sui generis, the mistake in this case was indisputably a clerical error. This is clearly a mistake of fact.
Id. at 160.
 {¶ 36} In State ex rel. Schirtzinger v. Mihm (1998),81 Ohio St.3d 459, the bureau paid temporary total disability ("TTD") compensation during a period when the attending physician had indicated on C-84 reports that the industrial injury was at maximum medical improvement. After the commission ordered that the TTD compensation was an overpayment, the claimant filed a mandamus action in this court which granted the writ. In affirming this court's judgment, the Schirtzinger court, at 461-462, explained:
A mistake of fact — which includes clerical error — justifies invocation of continuing jurisdiction. State ex rel. Weimer v.Indus. Comm. (1980), 62 Ohio St.2d 159[.] * * * The commission attempts to characterize temporary total disability compensation payments in this case as clerical error — an argument that we reject. This is not a situation in which a typist inadvertently transposed digits. Payment of temporary total disability compensation was instead the result of several deliberate extensions of compensation by the bureau. This contradicts the suggestion that payment was somehow accidental and misdirected. Appellants have presented no evidence — nor did the regional board or staff hearing officer orders cite any — that shows that payment was the result of a clerical mix-up. As such, we find that the commission lacked jurisdiction to reexamine claimant's entitlement to temporary total disability compensation[.] * * *
 {¶ 37} Here, relator claims that she presented evidence of a clear mistake of fact upon which the commission should have granted the relief requested:
The record is void of evidence that contradicts Relator's sworn affidavit that she intended to appeal the July 31, 2004 order. A mistake of fact exists because the BWC advised Relator incorrectly regarding the steps to take to perfect an appeal. Such a mistake is factually based because she was given incorrect information. She relied upon this advice, as any reasonable person would, because BWC employees are assumed to be knowledgeable of the agency's policies and procedures. Relator intended to file an appeal, followed the directions of a BWC employee in an attempt to do so, and believed she was in fact filing an appeal. It has been held that a clerical error is a mistake of fact. Certainly, filing the incorrect form must be considered a clerical error when an injured worker is told by the BWC it is the right form and, hence, a mistake of fact has occurred.
(Relator's brief, at 4.)
 {¶ 38} The magistrate disagrees with relator's claim that she presented evidence of a clear mistake of fact.
 {¶ 39} Unfortunately, the workers' compensation case law in Ohio fails to define clear mistake of fact with precision. We simply have, through the cases, examples of what a clear mistake of fact is and is not. We also have the Schirtzinger court's statement that a mistake of fact includes clerical error.
 {¶ 40} Clearly, the instant case does not present clerical error on the part of the bureau or commission even if we credit relator's averment that a bureau employee misled her into filing the wrong form. The mistake that relator claims is her own mistake in filing the wrong form.
 {¶ 41} The bureau or commission have correctly recognized the filing of the C-108 waiver and consequently have not treated the filing as an appeal. At the time of relator's filing of the C-108, the bureau or commission had no cause whatsoever to treat the filing as anything other than what it in fact is — a waiver of the right to appeal.
 {¶ 42} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.