DECISION
{¶ 1} This original action in mandamus was brought by relator, Tipp City Schools ("relator"), seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order mailed January 27, 2004 and issue an order denying relator's request for relief pursuant to R.C. 4133.522.
 {¶ 2} This case was referred to a magistrate who has fully considered the matter upon the stipulated evidence submitted by the parties. Pursuant to Civ. R. 53 and Loc. R. 12(M) of the Tenth District Court of Appeals, the magistrate issued a decision finding that the commission abused its discretion by granting relief pursuant to R.C. 4123.522, permitting respondent, Patricia Atkinson, to file an untimely appeal from the "administrator's finding mailed December 10, 2002," despite the fact that the appeal filed had been heard by an district hearing officer ("DHO"), who issued an order on October 7, 2003, stating the commission's order of December 10, 2002 was affirmed because claimant's appeal was not timely filed and despite the fact claimant had signed a waiver of appeal form which was received by the commission on December 19, 2002. (Attached as Appendix A.) However, on August 22, 2003, claimant filed (by fax) a notice that she "wished to appeal the denial dated December 10, 2002." On the same day as the DHO issued its order dismissing the attempt to appeal as untimely, the claimant filed a request for relief pursuant to R.C. 4123.522 stating that "she thought" the release form she signed "waived the 14-day appeal period and that the hearing would be held sooner." It was this request that the staff hearing officer ("SHO") granted by the order of January 22, 2004, which relator seeks this court to order vacated.
 {¶ 3} Respondent-commission filed an objection to the magistrate's decision not seeking modification of the findings of fact and conclusions of law made by the magistrate, but instead seeking "clarification" as to the effect that the magistrate's order upon orders the commission issued subsequent to the issuance of the vacated order which vacated the December 10, 2002 order and allowed the claimant's claim.
 {¶ 4} We find that there is no reason for clarification since the magistrate's order is clear and the finding of fact and conclusions of law are uncontested. Neither relator nor the claimant have filed objections to the magistrate's decision and claimant has filed no response to the commission's objections. Relator has filed a response arguing that there is no need nor basis for clarification. We agree. The magistrate's order is clear that the SHO's order of January 22, 2004 is ordered vacated. When the commission in compliance with the magistrate's order vacates the order of January 22, 2004, permitting an untimely appeal from the December 10, 2002 order, the latter order remains in effect as the controlling order together with the DHO's order of October 7, 2003. Subsequent orders with respect to the claims depend upon where there were subsequent filing or procedures which have not been brought to the attention of this court which would confer jurisdiction upon the commission to allow the claim and award compensation. Since those matters were not before this court it would be inappropriate for this court to order such orders vacated before the commission determines whether those orders can remain in effect despite the ordered vacation of the order of January 22, 2004.
 {¶ 5} Accordingly, the objection to the magistrate's decision is overruled, the magistrate's decision is adopted as that of the court, and a writ of mandamus shall be issued ordering respondent Industrial Commission to vacate the SHO's order of January 22, 2004, and to enter an order denying claimant's request for R.C. 4123.522 relief.
Objection overruled; writ granted.
 BROWN and SADLER, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 (APPENDIX A) IN MANDAMUS {¶ 6} In this original action, relator, Tipp City Schools, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order allowing respondent Patricia Atkinson to appeal from an order of the Ohio Bureau of Workers' Compensation ("bureau") that disallowed her industrial claim.
Findings of Fact:
 {¶ 7} 1. On November 19, 2002, Patricia Atkinson ("claimant") filed an industrial claim alleging that she sustained an industrial injury on October 9, 2002 while employed as a teacher for relator, a state-fund employer. The industrial claim is assigned number 02-459899.
 {¶ 8} 2. On December 10, 2002, the bureau mailed an order disallowing the industrial claim. The bureau's order advised:
 Ohio law requires that BWC allow the injured worker or employer 14 days from the receipt of this order to file an appeal. If the injured worker and employer agree with this decision, the 14 day appeal period may be waived. Both parties may submit a signed waiver of appeal to BWC. The Request for Waiver of Appeal (C108) is available through your local customer service office. Or you can log on to www.ohiobwc.com, select Injured worker, then click on Forms.
 If the injured worker or the employer disagrees with this decision, either may file an appeal within 14 days of receipt of this order. * * *
 {¶ 9} 3. The bureau form C-108 is captioned "WAIVER of Appeal Period." (Emphasis sic.) The form requires that certain claim information be provided. It then warns:
 Please read the following information before signing this form:
 Ohio workers' compensation law permits parties to a claim to waive, in writing, their right to appeal orders issued by the Bureau of Workers' Compensation (BWC) and the Industrial Commission (IC). To waive an order's appeal period, all parties must submit written and signed requests. Waivers will not be granted without the agreement of all parties to a claim. When all parties agree to waive their appeal rights the order's 14-day appeal period is cancelled.
 This request for waiver of appeal applies only to the order specified below, not to all past or future orders affecting the claim. Therefore, waiving your right to appeal an order will not prohibit you from appealing other orders pertaining to the claim.
(Emphasis sic.)
 {¶ 10} 4. On the C-108 at issue here, both claimant and the employer's representative placed their signatures below the following: "The undersigned agree to waive the right to appeal the order dated [December 10, 2002] which was issued in the above named claim."
 {¶ 11} 5. On the C-108 at issue here, claimant signed the form on December 17, 2002 and the employer's representative signed on December 19, 2002.
 {¶ 12} 6. The record contains a fax transmittal sheet indicating that the employer's representative faxed the signed C-108 to the bureau on December 19, 2002.
 {¶ 13} 7. On or about August 22, 2003, some nine months after the C-108 was faxed to the bureau, claimant faxed to the bureau the following notice: "This is to notify you that I wish to appeal the denial dated 12-10-02. The claim number is: 02-459899."
 {¶ 14} 8. Following an October 7, 2003 hearing, a district hearing officer ("DHO") issued an order stating that the bureau's order of December 10, 2002 is affirmed because claimant's appeal was not timely filed.
 {¶ 15} 9. On October 7, 2003, claimant initiated an "ONLINE REQUEST FOR .522/.52 RELIEF" (emphasis sic), stating:
 * * * The Bureau Order was received by claimant on approximately 12/16/2002 and filed what she thought was an appeal. Claimant actually filed a waiver to appeal form because she thought that it waived the 14 day appeal period and that the hearing would be scheduled sooner. It is requested that the Appeal filed on 08/28/2003 [sic] be deemed timely.
 {¶ 16} 10. Following a January 22, 2004 hearing, a staff hearing officer ("SHO") issued an order stating:
 IC-52 Request For .522/.52 Relief filed by Injured Worker on 10/07/2003. Issue: 1) Request For Relief Pursuant O R C 4123.522.
 * * *
 The Staff Hearing Officer finds that the injured worker misconstrued the language "waiver of appeal," filing it instead of the actual appeal, thinking it would cause her District Hearing Officer hearing to be set sooner than usual. The Staff Hearing Officer finds this to be credible and an obvious mistake and therefore grants the injured worker's request.
 Injured worker may file a timely appeal from the Administrator's findings mailed 12/10/2002 within the statutory period from the date of the receipt of this order.
 {¶ 17} 11. On February 23, 2004, a DHO heard claimant's appeal from the bureau's December 10, 2002 order. Following the hearing, the DHO issued an order that vacates the bureau's December 10, 2002 order, allows the claim, and awards temporary total disability ("TTD") compensation.
 {¶ 18} 12. Relator administratively appealed the DHO order of February 23, 2004.
 {¶ 19} 13. Following a May 4, 2004 hearing, an SHO issued an order that vacates the DHO order. The SHO allowed the claim only for "sprain/strain left lower back" and denied TTD compensation.
 {¶ 20} 14. On June 2, 2004, another SHO mailed an order refusing relator's administrative appeal from the SHO order of May 4, 2004.
 {¶ 21} 15. On February 15, 2005, relator, Tipp City Schools, filed this mandamus action.
Conclusions of Law:
 {¶ 22} It is the magistrate's decision that this court issue a writ of mandamus as more fully explained below.
 R.C. 4123.522 states:
 If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. * * *
 {¶ 23} In State ex rel. Tisdale v. Cherry Hill Mgt., Inc. (2000),88 Ohio St.3d 423, 425, the court states: "R.C. 4123.522 is a narrow statute designed to remedy a single specific problem — a party's failure to receive notice of a commission decision." (Emphasis sic.)
 {¶ 24} Here, in her online request for relief, claimant admits that she received the bureau's order "on approximately 12/16/2002." This admission precludes relief under R.C. 4123.522. Tisdale.
 {¶ 25} Under the circumstances, the commission abused its discretion by granting R.C. 4123.522 relief.
 {¶ 26} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent commission to vacate its SHO order of January 22, 2004, and to enter an order denying claimant's request for R.C. 4123.522 relief.