THE STATE, EX REL. SCOTT, *v.* CONNOR, ADMR., ET AL.

(No. 82AP-1076—Decided May 1, 1984.)

*Mr. John R. Polofka,* for relator.
*Mr. Anthony J. Celebrezze, Jr.,* at-torney general, and *Mr. Douglas M. Kennedy,* for respondents Bureau of Workers' Compensation et al.

*Messrs. Marshall & Melhorn* and *Mr. Terrance L. Ryan,* for respondent Libbey-Owens-Ford Corp.

MOYER, J. This case is before us on an original complaint in mandamus filed by claimant-relator, John Scott, seeking a judgment ordering the respondent Industrial Commission and respondent Toledo Regional Board of Review to hear relator's appeal from a decision of the district hearing officer disallowing relator's claim.

Relator alleges that he sustained an injury to his right elbow in the course of and arising out of his employment with respondent Libbey-Owens-Ford Corporation on or about May 20, 1981. Relator's claim was disallowed by the district hearing officer on August 4, 1981. The decision states that an appeal may be filed within twenty days of receipt of the order. These findings were mailed on September 14, 1981.

On October 7, 1981, relator's attorney filed a motion for relief under R.C. 4123.522, alleging that relator did not receive a copy of the district hearing officer's August 4, 1981 decision. R.C. 4123.522 reads, in part, as follows:

"The employee, employer and their respective representatives shall be entitled to written notice of any hearing, determination, order, award or decision under the provisions of Chapter 4123 of the Revised Code.

"If any person to whom a notice is mailed shall fail to receive such notice and the industrial commission, upon hearing, shall determine that such failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in such notice, such person may take the

action afforded to such person within twenty days after the receipt of such notice of such determination of the industrial commission. * * *"

On November 9, 1981, relator's attorney filed a notice of appeal from the August 4, 1981 order, alleging that relator's representative at the hearing for the August 4 decision had received notice of that decision on October 22, 1981.

On January 20, 1982, the Toledo Regional Board of Review referred the claim to the legal section for a hearing on the R.C. 4123.522 motion for relief and, on August 3, 1982, the Industrial Commission held a hearing on the motion. The commission found that relator had not received notice of the August 4, 1981 decision, and granted him relief under R.C. 4123.522. The Industrial Commission's order, which was mailed on August 25, 1982, stated, "[t]he claimant may file an appeal from the order of the District Hearing Officer dated August 4, 1981, within the twenty (20) day statutory period from the date of the receipt of this order."

On December 23, 1982, alleging that the Toledo Regional Board of Review had refused to hear the merits of his appeal, relator filed his original action in mandamus in this court.

Relator argues that, since his November 9, 1981 notice of appeal was still on file and pending before the Toledo Regional Board of Review, he was not required to file an additional notice of appeal after the Industrial Commission granted him relief under R.C. 4123.522. Respondents, the commission and relator's employer, argue that, since the Industrial Commission's order granting relator relief under R.C. 4123.522 stated that "claimant may file an appeal * * * within * * * twenty * * * day[s] * * *" and relator did not file a new appeal within twenty days, relator is not entitled to have the Toledo Regional Board of Review consider his appeal.

The facts of this case are, as the parties point out, rather unusual, and this precise issue does not appear to have been considered before. We hold that, on the facts of this case, since the commission found that relator had not received notice of the August 4 decision, relator's notice of appeal remained pending and should have been reactivated.

The statutes providing for workers' compensation must be liberally construed in favor of the employee. R.C. 4123.95. R.C. 4123.522 gives a person who fails to receive notice twenty extra days to take the action specified by the commission which the person should have taken earlier. A liberal construction of this statute demands that, if the person has already filed the required paper, albeit late, and the commission agrees to extend the time for filing, the person is not required to refile the papers.

The commission did not rule in any way on relator's pending notice of appeal. The commission only determined that relator had not received notice of the district hearing officer's decision. As relator argues, since his notice of appeal had already been filed and was pending before the Toledo Regional Board of Review, no purpose would be served, under the facts of this case, by requiring him to file a duplicate notice of appeal.

For the foregoing reasons, relator's petition for a writ of mandamus ordering the Toledo Regional Board of Review to hear his appeal is granted.

*Writ allowed.*

WHITESIDE and NORRIS, JJ., concur.