[Cite as *State ex rel. Group Mgt. Servs., Inc. v. Indus. Comm.*, 2022-Ohio-906.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel.
Group Management Services, Inc., :

      Relator, :

v. : No.  20AP-346

Industrial Commission of Ohio et al., : (REGULAR CALENDAR)

      Respondents. :

---

D E C I S I O N

Rendered on March 22, 2022

---

**On brief**: *Ross, Brittain & Schonberg Co., L.P.A.*, and *Christopher A. Gray*, for relator.

**On brief**: *Dave Yost*, Attorney General, and *Andrew J. Alatis*, for respondent Industrial Commission of Ohio.

**On brief**: *Gallon, Takacs & Boissoneault Co., L.P.A.*, and *Theodore A. Bowman*, for respondent Edward J. Koprowski.

---

IN MANDAMUS

NELSON, J.

{¶ 1}    Relator Group Management Services, Inc. ("GMS") didn't like the decision of the Industrial Commission of Ohio to afford a new hearing to workers' compensation claimant Edward J. Koprowski on the basis that Mr. Koprowski had not received notice of his first hearing.  So GMS filed a petition with us asking that we grant a writ of mandamus ordering the Commission to vacate that decision and deny Mr. Koprowski's claim without further ado.

{¶ 2} The matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. Upon review of full briefing and the stipulated evidence, the magistrate issued the attached decision with findings of fact and conclusions of law. After concluding that "there is some evidence to support the [Commission's] decision that Koprowski did not have prior actual knowledge of the * * * hearing or timely subsequent knowledge of the [resulting] order, that Koprowski did not cause the failure of notice through his own fault or neglect, and that the failure of notice was due to circumstances beyond Koprowski's control," the magistrate recommended that no writ issue. Appended Mag. Decision at ¶ 25, 34.

{¶ 3} GMS has filed no objections to the magistrate's decision. After our independent review of the matter, and discerning no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision and deny the requested writ.

*Writ of mandamus denied.*

DORRIAN and JAMISON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel.                                          :
Group Management Services, Inc.,

                                                      :
          Relator,

                                                      :
v.                                                              No.  20AP-346

                                                      :
Industrial Commission of Ohio et al.,                          (REGULAR CALENDAR)

                                                      :
          Respondents.

                                                      :

---

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 20, 2021

---

*Ross, Brittain & Schonberg Co., L.P.A.,* and *Christopher A. Gray,* for relator.

*Dave Yost,* Attorney General, and *Andrew J. Alatis,* for respondent Industrial Commission of Ohio.

*Gallon, Takacs & Boissoneault Co., L.P.A.,* for respondent Edward J. Koprowski.

---

IN MANDAMUS

{¶ 4}  Relator, Group Management Services, Inc. ("GMS") seeks a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate an order entered by a staff hearing officer ("SHO") granting relief to respondent Edward J. Koprowski pursuant to R.C. 4123.522, on the basis that Koprowski had failed to receive notice of a prior commission order.

Findings of Fact:

{¶ 5} 1. Koprowski worked as a truck driver for C & G Transportation, Inc. located in Wayne, Ohio.[1] Koprowski asserted a workplace injury in the course of and arising out of his employment occurring on December 4, 2018 when he fell from the back of a dump trailer. Koprowski sought treatment at St. Luke's Hospital in Maumee, Ohio, on December 5, 2018. (Stip. at 3.) He submitted his First Report of Injury on December 5, 2019. (Stip. at 1.)

{¶ 6} 2. C & G Transportation participates in Ohio's workers' compensation program. For purposes of managing workers' compensation risk, C & G Transportation is a member of relator GMS, a self-insured employer organization ("PEO") that the Ohio Bureau of Workers' Compensation ("BWC") designates as the employer of record for purposes of Koprowski's claim. (Stip. at 6.)

{¶ 7} 3. The First Report of Injury submitted by Koprowski gave his address as 1740 East Wooster St., Bowling Green, Ohio 43402. (Stip. at 1.) This was also the address he provided on the employee accident report he submitted to GMS on January 2, 2019. (Stip. at 2-3.) In subsequent proceedings Koprowski stated in an affidavit that the Bowling Green address was an extended stay hotel where he resided in January and February 2019. (Stip. at 27.)

{¶ 8} 4. Koprowski's initial medical treatment records at St. Luke's Hospital on December 5, 2018 also list the Bowling Green address as Koprowski's home address. (Stip. at 4.)

{¶ 9} 5. BWC mailed a notice to Koprowski on January 18, 2019 notifying him that GMS had not certified Koprowski's claim. (Stip. at 6.) This letter was addressed to the Bowling Green mailing address and was not returned by the U.S. Postal Service as undeliverable.

{¶ 10} 6. The commission sent on February 5, 2019 a notice of hearing to Koprowski at the Bowling Green address notifying him of a February 22, 2019 date at the commission's Toledo office for a hearing to address his claim. This notice was not returned by the U.S. Postal Service as undeliverable.

---

[1] This company appears at times in the record and pleadings as "C & C Transportation."

{¶ 11} 7. The commission sent to Koprowski at the Bowling Green address on February 14, 2019 a notice of continuance for the February 22, 2019 hearing.

{¶ 12} 8. The commission sent to Koprowski at the Bowling Green address on March 7, 2019 a new notice of hearing to be held March 25, 2019, again at the commission's Toledo office. (Stip. at 12-13.)

{¶ 13} 9. The March 25, 2019 hearing took place and Koprowski did not appear. The district hearing officer ("DHO") consequently issued an order on March 28, 2019 denying Koprowski's claim. (Stip. at 14-15.) A copy of the DHO's order was sent to the Bowling Green address.

{¶ 14} 10. On April 5, 2019, the commission recorded a notice that the March 28, 2019 DHO order had been returned as undeliverable. (Stip. at 16-18.) On April 8, 2019, the commission recorded a notice that the February 14, 2019 continuance notice had been returned as undeliverable. (Stip. at 19-21.) On May 22, 2019, the commission docketed a notice that the March 7, 2019 notice of hearing had been returned as undeliverable. (Stip. at 22-25.)

{¶ 15} 11. Koprowski filed on October 15, 2019 a request for relief pursuant to R.C. 4123.522 seeking to vacate the DHO's order for lack of notice of the hearing. To this, Koprowski attached his affidavit stating that he had moved from the Bowling Green address in February 2019 and otherwise explaining the circumstances under which he failed to receive mail from the commission. These filings are the first in the file that reflect an appearance by counsel for Koprowski. The request for relief gives Koprowski's address as 1236 Eastland Drive, Oregon, Ohio 43616.

{¶ 16} 12. Koprowski's October 3, 2019 affidavit provides as follows:

> I am the Claimant in the above captioned workers' compensation claim and do state upon my oath that the following is true and accurate to the best of my knowledge.
>
> From January through sometime in February 2019, I was living at an extended stay hotel located at 1740 E. Wooster St., #320, Bowling Green, Ohio. In February 2019, I moved out of the hotel and moved in with my mother at 1238 Eastland Drive, Oregon, Ohio. I was advised I was unable to process a forwarding order at the post office as the extended stay hotel was a business. As I was no longer living at 1740 E. Wooster Street, #320, Bowling Green, Ohio when the Industrial

Commission of Ohio issued its Notice for the March 25, 2019 hearing. I did not receive the notice of the hearing date and time. As I did not receive notice of the hearing, I did not attend the hearing on March 25, 2019. Subsequently, I did not receive the decision from the March 25, 2019 hearing as the decision was also sent to 1740 E. Wooster St., #320, Bowling Green, Ohio, where I no longer lived.

(Stip. at 27.)

{¶ 17} 13. On February 21, 2020, an SHO conducted a hearing to address Koprowski's request for relief. (Stip. at 30.) Koprowski appeared and testified that he verbally informed a supervisor at C & G Transportation about his new address. GMS furnished affidavits from two of its employees who stated that Koprowski had never contacted GMS to update his address prior to GMS receiving notice of Koprowski's request for relief pursuant to R.C. 4123.522.

{¶ 18} 14. The SHO mailed an order on February 27, 2020 concluding as follows:

The Staff Hearing Officer finds that the Injured Worker did not receive the District Hearing Officer order issued 03/28/2019 and did not have actual knowledge of the information contained therein. It is found that the failure to receive such order was beyond the control and without the fault or neglect of the Injured Worker.

Therefore, the Injured Worker's appeal that previously was filed on [10/14/2019] is found to have been timely made. *State ex rel. Scott v. Connor,* 16 Ohio App.3d 151, 474 N.E.2d 1233 (10th Dist.1984). The appeal is referred for hearing on the next available District Hearing Officer docket.

The Injured Worker testified that he was living in an extended stay hotel. He then moved to his mother's home. He attempted to complete a forward mail form with the post office, but the post office could not honor this request as the hotel is a business address. The Injured Worker let his employer know that he was moving to his mother's home and gave them the address. He was not represented in this claim on 02/19/2019, when he moved to his mother's home. He was unaware that in addition to letting his employer know about his move he needed to update his mailing address with the Industrial Commission.

(Stip. at 30.)

{¶ 19} 15. GMS filed an application for reconsideration, which the commission denied by order dated April 7, 2020. (Stip. at 33.)

{¶ 20} 16. Koprowski filed his formal notice of change of address with BWC on March 19, 2020. (Stip. at 32.)

{¶ 21} 17. GMS filed its complaint in mandamus with this court on July 9, 2020.

Discussion and Conclusions of Law:

{¶ 22} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 23} GMS seeks a writ setting aside the commission's grant of relief pursuant to R.C. 4123.522. The statute provides as follows:

> The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice for orders issued under divisions (C) and (D) of section 4123.511 and section 4123.512 of the Revised Code. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.
>
> If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the

> failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.

{¶ 24} The statute therefore makes clear that the parties to a workers' compensation claim are entitled to written notice of action taken in a claim, including an impending hearing.  Courts in this domain have applied the "mailbox rule" to presume that a notice that was mailed has been received in due course.  *Weiss v. Ferro Corp.,* 44 Ohio St.3d 178 (1989).  Parties seeking to rebut that presumption must prove three things:

> [T]he party alleging the failure to receive notice must first prove that (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice.

*State ex rel. LTV Steel Co. v. Indus. Comm.,* 88 Ohio St.3d 284, 286 (2000), quoting *Weiss.*  Once the commission resolves these issues as a question of fact, the commission may determine that the complaining party is unconditionally entitled to renewed notice of the action or hearing.  *Id.* at 287-88.  "Thus, when the moving party sustains its burden of proof, the effect is that the party is not 'deemed' to have received notice until the commission makes the determination that the party did not receive notice of the order initially and the party receives notice of this determination."  *Id.* at 287, citing *Weiss* at 182-83.  On the question of failure of notice due to circumstances beyond a party's control and without neglect, the commission, as in other factual areas, is the exclusive evaluator of weight and credibility, and this court must defer to the commission's decision.  *Id.* at 287, citing *State ex rel. Pass v. C.S.T. Extraction Co.,* 74 Ohio St.3d 373, 376 (1996).

{¶ 25} GMS argues that the SHO improperly gave undue weight to the fact that Koprowski was initially unrepresented in his claim, and that as a result the SHO applied an improper standard of exculpatory ignorance.  GMS further argues that the SHO wrongly

concluded that actual notice provided to C & G Transportation constituted constructive notice to the commission and GMS. For the reasons that follow, the magistrate concludes that there is some evidence to support the SHO's decision that Koprowski did not have prior actual knowledge of the DHO hearing or timely subsequent knowledge of the DHO's order, that Koprowski did not cause the failure of notice through his own fault or neglect, and that the failure of notice was due to circumstances beyond Koprowski's control.

{¶ 26} The SHO noted Koprowski's affidavits and testimony before the SHO. One fact established by this, if believed, was that Koprowski had verbally informed a supervisor that his actual employer, C & G Transportation, about his change of address. This was the employer to whom Koprowski reported for work, which supervised and controlled his daily work activity, and took the initial notice of Koprowski's injury before transmitting it to GMS. The SHO could reasonably conclude that, based on an extremely tenuous relationship with GMS, Koprowski would not reasonably be expected to inform GMS, rather than C & G Transportation, of his new address.

{¶ 27} Koprowski also made a diligent attempt, according to his evidence, to have his mail forwarded by the U.S. Post Office, which declined on the basis that it would not forward mail from a commercial address. While the magistrate notes that this is a rather novel restriction to find imposed by a local postmaster, GMS has submitted no evidence to the contrary in the course of these proceedings. The SHO could reasonably conclude that Koprowski made a sufficient effort to ensure that subsequent mail to his former address would follow him as he moved. The determination by the SHO on these questions is largely a question of fact and hinges on Koprowski's actions. This court will not substitute its factual judgment for that of the commission on this particular issue.

{¶ 28} The SHO also concluded, perhaps somewhat less typically, that Koprowski's lack of knowledge excused his failure to inform the commission of his new address. The SHO's determination here appears based in part on Koprowski's lack of representation in this phase of the claims process, and a consequently greater degree of leniency for noncompliance with administrative procedure.

{¶ 29} An injured worker has a duty to provide up to date and accurate address information to BWC and the commission to permit officiant adjudication of his or her

claim. *State ex rel. Russell v. Indus. Comm.,* 10th Dist. No. 02AP-991, 2003-Ohio-4175, ¶ 26. This includes a duty to file change-of-address forms when necessary. *Russell* at ¶ 9.

{¶ 30} GMS points out that in *Russell*, this court refused the writ sought by the claimant. In *Russell,* however, this court was faced with an SHO's order *denying* R.C. 4123.522 relief. Our determination in *Russell* essentially turned on the discretion of the commission, not an absolute rule as to where the line must be drawn in establishing a worker's responsibility to keep his address current with the commission. This court noted that it was not an abuse of discretion for BWC to make use of the address on file that the claimant failed to update, and the commission could reasonably conclude that the claimant had not proven "his failure to receive notice by mail was due to circumstances beyond his control or the failure to receive notice was not due to his own neglect." *Russell* at ¶ 9. A similar result was reached in *State ex rel. Altston v. Interpak, Inc.,* 10th Dist. No. 09AP-534, 2010-Ohio-790, regarding an incorrect First Report of Injury address repeated in the file for the following six months and a consequent failure of service. There, the commission found that the claimant was responsible for lack of a current address to which to send notice, and this court declined to disturb the commission's discretion by issuance of a writ.

{¶ 31} Both these cases turned on the proper exercise of discretion by the commission in denying relief. Under the same standard of deferral to the commission's factual discretion, the magistrate hesitates to overturn the commission's determination that it wished to *grant* relief and consider Koprowski's claim on the adjudicated merits rather than essentially by default.

{¶ 32} Moreover, the magistrate does not consider that the commission is absolutely foreclosed from considering Koprowski's pro se status. GMS correctly points out that courts in Ohio certainly may hold pro se litigants to the same standard of procedural compliance and efficiency applied to legal counsel, and cases beyond counting have so held:

> Ohio courts presume that pro se litigants have knowledge of the law and legal procedures, and they generally hold pro se litigants to the same standard as represented litigants. *Collins v. Ohio Adult Parole Auth.*, 10th Dist. No. 02AP-1161, 2003-Ohio-2952, ¶ 28. Consequently, a pro se litigant "cannot expect or demand special treatment." *Kessler v. Kessler*, 10th Dist. No. 09AP-740, 2010-Ohio-2369, ¶ 8. Because a trial court would not explain procedural rules to a lawyer, it does not err by

failing to explain them to a pro se litigant. *Bostic v. Davis*, 10th
Dist. No. 14AP-635, 2015-Ohio-1968, ¶ 12.

*Mootispaw v. Mohr*, 10th Dist. No. 15AP-885, 2016-Ohio-1246, ¶ 17.

{¶ 33} However, no case holds that an administrative tribunal has *no discretion at all* to extend procedural leniency to pro se litigants in the interest of reaching a substantially just result. Here, the SHO could, based upon the evidence, conclude that the failure of communication between C & G Transportation and GMS was not attributable to Koprowski. The SHO could also weigh the circumstances and consider Koprowski's status as a pro se litigant when assessing his responsibility for the lack of notice.

{¶ 34} The magistrate accordingly concludes that the SHO did not abuse her discretion when granting R.C. 4123.522 relief and it is the decision and recommendation of the magistrate that no writ issue in this case.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).