THE STATE, EX REL. SEARS, ROEBUCK & COMPANY, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 82AP-120—Decided May 25, 1982.)

*Messrs. Seeley, Savidge & Aussem, Mr. Keith Savidge* and *Mr. Thomas M. Carolin,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Richard J. Forman,* for respondent Industrial Commission.

*Messrs. Cotruvo & Cusack* and *Ms. Mary Jo Cusack,* for respondent Dana E. Artrip.

ON MOTION TO DISMISS

NORRIS, J. This matter is before us on the motion of respondent Dana E. Artrip seeking alternative relief: (1) dismissal of this original action in mandamus due to relator's failure to comply with the requirement of R.C. 4123.519 that it pay to Artrip, during the pendency of this action, the compensation previously awarded him by respondent Industrial Commission, or (2) an order requiring relator to pay that compensation.

However relator, Sears, Roebuck & Company, contends that the payment requirement of R.C. 4123.519 applies only in situations where an employer has appealed an award to the court of common pleas. We disagree.

The language in dispute, found in R.C. 4123.519, reads as follows:

"An appeal from a decision of the commission *or any action filed in a case* in which an award of compensation has been made shall not stay the payment of compensation under such award or payment of compensation for subsequent periods of total disability during the pendency of the appeal. * * *" (Emphasis added.)

Actually, the duty of relator to continue to pay compensation to respondent Artrip arises not from any language in R.C. 4123.519, but instead from the requirement found in R.C. 4123.515 that compensation will be paid once administrative appeals have been exhausted. Here, appeals to the Regional Board of Review and to the commission have been exhausted. R.C. 4123.519 merely points out that the duty to pay imposed by R.C. 4123.515 is not stayed should the claim be considered beyond the administrative level.

The clause in R.C. 4123.519 emphasized above was inserted by the General Assembly in 1976 by specific amendment in Am. Sub. S.B. No. 545, effective January 17, 1977 (see 136 Ohio Laws, Part I, 1075, 1155-1157). Because of the amendment, it is now clear that not only is payment of compensation to continue during the pendency of a court appeal taken from a decision of the commission, but, in addition, it is also to continue during the pendency of an action in mandamus or of any other action filed to challenge the commission's decision.

However, respondent Artrip's proper remedy in seeking enforcement of R.C. 4123.515 is to seek from the commission an order requiring relator to pay the compensation as mandated by statute. Only in the event that the commission fails to perform its clear legal duty to order payment of compensation would a remedy be available in this court. We must, of course, assume that the commission will perform its clear legal duty.

Accordingly, the motion is overruled.

*Motion overruled.*

WHITESIDE, P.J., and MOYER, J., concur.

(No. 82AP-120—Decided July 1, 1982.)

ON THE MERITS

NORRIS, J. Relator, Sears, Roebuck & Company, seeks a writ of mandamus directing respondent Industrial Commission to vacate its orders of August 4, 1981 and November 5, 1981, and to reinstate its prior decision finding that the claimant, Dana E. Artrip (a respondent herein), does not have any permanent disability.

In the August 4, 1981 order, the Industrial Commission, relying upon R.C. 4123.522, found that an order of the commission which resulted from a January 29, 1981 hearing should be vacated because the claimant's attorney had been informed by the chief of its appeals division that the hearing was cancelled and claimant's attorney was entitled to believe that notice of the hearing was thus invalid. The vacated order had granted relator's application for reconsideration and had found that the claimant did not have any permanent disability.

Relator's application for reconsideration was then heard again on November 5, 1981, with both the claimant and relator being represented, and was denied. Denial of the application for reconsideration had the effect of affirming an earlier award of benefits for ten percent permanent partial disability.

Relator complains that the commission had no power under R.C. 4123.522 to set aside the order granting its application for reconsideration for the reason that relief under that section is available only where notice of a hearing has been mailed but not received. While relator may be correct in this contention, the

commission nevertheless had the power under R.C. 4123.52 to determine that a hearing had been held which in fact had been cancelled, and that the application for reconsideration should be reheard on its merits with both parties present, and to then vacate the order that resulted from the hearing where only one party had been represented.

Accordingly, the commission did not abuse its discretion in vacating the prior order, and relator has failed to carry its burden of showing a clear legal right to a writ of mandamus. See *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141].

For the foregoing reasons, the writ is denied.

*Writ denied.*

WHITESIDE, P.J., and MOYER, J., concur.