THE STATE EX REL. DIAZ, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Diaz v. Indus. Comm.* (2000), 88 Ohio St.3d 281.]

282

(No. 98–1496—Submitted January 25, 2000—Decided April 5, 2000.)

*Gallon & Takacs Co., L.P.A.*, and *Thomas J. Schaffer*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee.

***Per Curiam.*** For reasons unknown, claimant waited six years before asserting that he had not received the first DHO order. Rather than assert this defect in a more timely fashion, he waited until he had unsuccessfully pursued one mandamus action before acting. We agree with the magistrate's observation:

"Claimant's failure to exhaust his administrative remedies prior to challenging the June 1990 order in mandamus precludes him from pursuing that administrative remedy when his mandamus action was unsuccessful. Regardless of whether the appropriate term of art is waiver, failure to exhaust administrative remedies, merger and bar, estoppel, or *res judicata*, the result is the same. If parties can fail to pursue all administrative remedies before seeking a mandamus remedy, and then seek the remaining administrative remedies after an unsuccessful mandamus action, this court could be subjected to repetitive complaints in mandamus as parties attempt their various administrative challenges to the same order."

Accordingly, the commission did not abuse its discretion in refusing to relitigate the merits of claimant's AWW calculation.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK and F.E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals.