[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 281.]

THE STATE EX REL. DIAZ, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Diaz v. Indus. Comm*., 2000-Ohio-327.]

*Workers' compensation—Industrial Commission does not abuse its discretion in refusing to relitigate the merits of claimant's average weekly wage calculation, when.*

(No. 98-1496—Submitted January 25, 2000—Decided April 5, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD03-434.

_____

{¶ 1} Appellant-claimant, Anthony P. Diaz, Jr., was injured in an industrial accident while employed with the Murphy Company on September 28, 1989. On June 21, 1990, appellee, Industrial Commission of Ohio, through its district hearing officer ("DHO"), set claimant's average weekly wage ("AWW") at $335.96 (*sic*), after dividing his total wages of $52,410.24 by 104 weeks. Claimant did not appeal.

{¶ 2} On April 26, 1991, claimant asked the commission to exercise its continuing jurisdiction under R.C. 4123.52 and reset his average weekly wage. Claimant argued that the DHO failed to exclude weeks of involuntary unemployment in the calculation of his AWW, and submitted wage-related information allegedly in support. A second DHO was unpersuaded and denied the April 1991 motion, since the June 21, 1990 AWW order "was not appeal[ed] and the matter is therefore *Res Judicata*." The regional board of review affirmed. Further appeal and reconsideration were denied by the commission.

{¶ 3} Claimant instituted a mandamus action, alleging that the commission abused its discretion in failing to recalculate his AWW. Specifically, he alleged that the commission erred in (1) withholding its continuing jurisdiction to exclude weeks of involuntary unemployment, and (2) withholding its continuing

jurisdiction to correct a clerical error. The court of appeals rejected claimant's first argument, reasoning that the claimant knew the character of his unemployment at the June 21, 1990 hearing but neither raised the issue nor submitted evidence in support thereof. The character of his unemployment was not, therefore, a new and changed circumstance arising after the June order so as to justify continuing jurisdiction.

{¶ 4} The court did, however, accept claimant's second argument. The court indeed found that $52,410.24 divided by 104 equaled $503.94, not the commission's $335.96. Accordingly, it held that the commission's denial of continuing jurisdiction was an abuse of discretion, and, after vacating the order, returned the cause to the commission for a new order containing the proper computation. The commission promptly complied.

{¶ 5} In March 1996, claimant moved the commission for relief under R.C. 4123.52 and/or 4123.522, the latter of which allows a party to file a belated appeal if the party shows that it did not receive a commission order. In citing R.C. 4123.522, the claimant alleged—for the first time—that he had not received the June 21, 1990 DHO order that set his AWW originally. Claimant contended that he was, therefore, entitled to relitigate *de novo* the issue of involuntary unemployment and its effect on his AWW.

{¶ 6} A staff hearing officer ("SHO") denied claimant relief under R.C. 4123.52, "as claimant was previously afforded the benefit of continuing jurisdiction pursuant to the [previous] Mandamus action in this claim * * *." Turning to R.C. 4123.522, the hearing officer found that claimant had not received the June 1990 DHO order, and allowed claimant to appeal that order.

{¶ 7} Claimant's merit appeal of the June 1990 order was unsuccessful, with the SHO affirming that order. The SHO found that the character of unemployment was rendered *res judicata* by the prior court of appeals decision.

2

The SHO accordingly concluded that he lacked jurisdiction to consider the matter further.

{¶ 8} Claimant challenged that order before the commission. In a lengthy order, the commission affirmed the SHO, concluding:

"In considering the administrative and legal history of the Average Weekly Wage issue, the Deputy affirms the Staff Hearing Officer order which found that the Industrial Commission has been divested of any jurisdiction with respect to the issue of the Average Weekly Wage for the reason that the Court of Appeals of the Tenth Appellate District has rendered a final decision on that issue from which no appeal was filed. A review of the decision of the Court of Appeals, which fully adopted the decision of the magistrate, indicates that all of the issues related to the determination of the Average Weekly Wage were fully considered by the Court of Appeals. Furthermore, since an appeal was not filed from the decision of the Court of Appeals, which expressly ordered the Industrial Commission to set the Average Weekly Wage at $503.94, it appears that the determination of the Average Weekly Wage is now a final decision."

{¶ 9} Claimant commenced another mandamus action, again alleging that the commission abused its discretion in refusing to consider his periods of involuntary unemployment. The court of appeals disagreed, finding that "[t]he issue as to the amount of the average weekly wage was fully litigated on the merits by relator and is now *res judicata*."

{¶ 10} This cause is now before this court upon an appeal as of right.

_____

*Gallon & Takacs Co., L.P.A.,* and *Thomas J. Schaffer*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

{¶ 11} For reasons unknown, claimant waited six years before asserting that he had not received the first DHO order. Rather than assert this defect in a more timely fashion, he waited until he had unsuccessfully pursued one mandamus action before acting. We agree with the magistrate's observation:

"Claimant's failure to exhaust his administrative remedies prior to challenging the June 1990 order in mandamus precludes him from pursuing that administrative remedy when his mandamus action was unsuccessful. Regardless of whether the appropriate term of art is waiver, failure to exhaust administrative remedies, merger and bar, estoppel, or *res judicata*, the result is the same. If parties can fail to pursue all administrative remedies before seeking a mandamus remedy, and then seek the remaining administrative remedies after an unsuccessful mandamus action, this court could be subjected to repetitive complaints in mandamus as parties attempt their various administrative challenges to the same order."

{¶ 12} Accordingly, the commission did not abuse its discretion in refusing to relitigate the merits of claimant's AWW calculation.

{¶ 13} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK and F.E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals.

————————————