[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 423.]

THE STATE EX REL. TISDALE, APPELLANT, *v*. CHERRY HILL MANAGEMENT, INC. ET AL.; ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION ET AL., APPELLEES.

[Cite as *State ex rel. Tisdale v. Cherry Hill Mgt., Inc.*, 2000-Ohio-369.]

*Workers' compensation—Claimant fails to appeal Bureau of Workers' Compensation denial of his claim within fourteen days—Complaint in mandamus filed alleging that the Industrial Commission abused its discretion in refusing to grant claimant relief pursuant to R.C. 4123.522— Denial of writ affirmed.*

(No. 98-2239—Submitted April 11, 2000—Decided May 17, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD08-1032.

_____

{¶ 1} Appellant-claimant, William Tisdale, was injured in an industrial accident on June 21, 1994, and applied for workers' compensation benefits with appellee Bureau of Workers' Compensation. The application was denied by appellee bureau. The bureau's order stated:

"The Bureau of Workers' Compensation orders that the claim be denied for the following reason(s): there is insufficient medical evidence on file to support the alleged conditions of this claim.

" * * *

"The law requires a 14-day appeal period. If you *and* your employer agree with this decision, the 14-day appeal period can be waived. However, if you *or* your employer disagree with this decision, you have 14 days from the day you receive this letter to appeal the decision. A formal hearing will then be scheduled with the Industrial Commission of Ohio.

"If a response is not received within 14 days, this decision is final." (Emphasis *sic*.)

{¶ 2} The order was mailed to the claimant, who acknowledged receipt of that order. Claimant did not appeal.

{¶ 3} Sometime after the expiration of the appeal period, claimant retained legal counsel. Claimant moved the bureau for relief pursuant to R.C. 4123.522, alleging that because of dyslexia, he was unable to understand the contents of the order or his appeal rights. The appellee Industrial Commission of Ohio denied claimant's request.

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in refusing to grant him relief pursuant to R.C. 4123.522. The court of appeals disagreed and denied the writ.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., James A. Whittaker* and *Stephen P. Gast,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellees.

_____

*Per Curiam*.

{¶ 6} R.C. 4123.522 provides:

"The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter * * *. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the

employer and his representative of record, and by both the administrator and his representative.

"If any person to whom a notice is mailed *fails to receive the notice* and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person." (Emphasis added.)

{¶ 7} Claimant received the commission's order. He argues, however, that his reading difficulties left him without "actual knowledge of the import of the order." The court of appeals rejected this argument, as do we.

{¶ 8} At the outset, we note that the court of appeals found that the claimant had waived any right to challenge on due process grounds the denial of R.C. 4123.522 relief. Analysis, therefore, is confined to the statute itself.

{¶ 9} R.C. 4123.522 is a narrow statute designed to remedy a *single* specific problem—a party's failure to receive notice of a commission decision. There is no inquiry into a party's actual knowledge of an order's content, unless the party *first* establishes that the order was not received. Claimant cannot satisfy this preliminary requirement.

{¶ 10} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————