[Cite as *State ex rel. McCormack v. Ashtabula Cty. Med. Ctr.*, 2025-Ohio-5151.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Angela M. McCormack, | : | |
| Relator, | : | No. 24AP-270 |
| v. | : | (REGULAR CALENDAR) |
| Ashtabula County Medical Center et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on November 13, 2025

**On brief:** *Nager, Romaine & Schneiberg, Co., L.P.A., Catherine Lietzke*, and *C. Bradley Howenstein*, for relator.

**On brief:** *Dinsmore & Shohl LLP, Melissa A. Black*, and *Jared L. Buker*, for respondent Ashtabula County Medical Center.

**On brief:** *Dave Yost*, Attorney General, and *Natalie J. Tackett*, for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

EDELSTEIN, J.

{¶ 1} Relator, Angela M. McCormack, initiated this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to grant relief under R.C. 4123.522 or, in the alternative, a limited writ of mandamus ordering the commission to conduct another hearing on her request for relief under R.C. 4123.522.

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined relief under R.C. 4123.522 applies only when a party or their representative fails to receive the required notice. Because there was some evidence in the record demonstrating Ms. McCormack's counsel had received notice of the order and had already filed a notice of appeal from that order before seeking relief under R.C. 4123.522, the magistrate concluded the commission did not abuse its discretion in denying Ms. McCormack's request for relief under R.C. 4123.522. Thus, the magistrate recommends we deny Ms. McCormack's request for a writ of mandamus.

{¶ 3}    Ms. McCormack filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

## I. Background

{¶ 4}    As set forth more fully in the magistrate's decision, in September 2020, Ms. McCormack filed an application for compensation for injuries she alleged she sustained in the course of and arising out of her employment with respondent, Ashtabula County Medical Center. A district hearing officer ("DHO") conducted a hearing on December 8, 2020. By order mailed December 10, 2020, the DHO disallowed Ms. McCormack's claim. The order stated a notice of appeal "may be filed within 14 days of the receipt of the order." (Dec. 10, 2020 Order.)

{¶ 5}    Through counsel on February 18, 2021, Ms. McCormack filed an appeal from the DHO's December 10, 2020 order. The notice of appeal stated the order was received on February 18, 2021 and indicated the reason for the appeal was "[c]laim should be allowed." (Feb. 18, 2021 Notice of Appeal.) A staff hearing officer ("SHO") conducted a hearing on March 17, 2021 and, in an order mailed March 19, 2021, determined the appeal was not timely filed and, therefore, the commission lacked jurisdiction to hear the appeal. Ms. McCormack timely appealed from the SHO's order on April 5, 2021, and the commission refused her appeal in an April 8, 2021 order.

{¶ 6}    On April 6, 2021, one day after filing her appeal from the SHO's order but two days before the commission's decision denying her appeal, Ms. McCormack's counsel filed

an IC-52 form requesting relief under R.C. 4123.522. Counsel for Ms. McCormack provided an affidavit in support. Subsequently, on May 4, 2021, counsel for Ms. McCormack filed a second affidavit in support of the request for R.C. 4123.522 relief, stating the first affidavit "contained clerical errors." (Nager Aff.)

{¶ 7} An SHO conducted a hearing on May 5, 2021 related to the IC-52 request for relief under R.C. 4123.522. In an order mailed May 8, 2021, the SHO denied the request for relief, concluding that although counsel for Ms. McCormack stated in his affidavit that he did not receive the December 10, 2020 order, the February 18, 2021 appeal from the order stated on its face that counsel had received the order on February 18, 2021. The SHO noted that neither Ms. McCormack nor her counsel requested R.C. 4123.522 relief before filing the February 18, 2021 appeal, and the basis for the February 18, 2021 appeal was that the claim "should be allowed," indicating knowledge of the contents of the order. Therefore, the SHO determined Ms. McCormack could not satisfy the requirements of R.C. 4123.522 that the party or their representative (1) did not receive notice, *and* (2) has no knowledge of the decision.

{¶ 8} Ms. McCormack sought reconsideration of the SHO's May 8, 2021 order, and the commission dismissed her request in an order mailed August 11, 2021. The commission noted Ms. McCormack had filed an appeal with the Ashtabula County Court of Common Pleas on June 10, 2021 and that the May 8, 2021 SHO order remained in effect. More than two and one-half years after the dismissal of her request for reconsideration, Ms. McCormack filed the instant complaint for a writ of mandamus on April 19, 2024, followed by an amended complaint on May 20, 2024.

{¶ 9} As referenced above, the magistrate determined the commission did not abuse its discretion in denying Ms. McCormack's request for R.C. 4123.522 relief because she could not demonstrate that neither she nor her counsel failed to receive the notice or that they lacked any prior actual knowledge of the information contained in the notice. Because Ms. McCormack had filed a notice of appeal from the December 10, 2020 order before seeking R.C. 4123.522 relief and did not indicate in her application for R.C. 4123.522 relief that she had not received notice of the order, the magistrate determined R.C. 4123.522 relief was not available on that threshold basis and found it was not necessary to additionally determine whether Ms. McCormack or her counsel had actual knowledge of

the content of the order. Thus, the magistrate concluded Ms. McCormack did not establish a clear legal right to the requested relief or a clear legal duty on the part of the commission to provide such relief.

{¶ 10} Ms. McCormack filed objections to the magistrate's decision. Ms. McCormack does not challenge the magistrate's recitation of the pertinent facts; however, Ms. McCormack objects to the magistrate's conclusion that she was not entitled to R.C. 4123.522 relief because her counsel had received notice of the order.

## II. Law and Analysis

{¶ 11} To be entitled to a writ of mandamus, Ms. McCormack must demonstrate a clear legal right to the relief sought, that the commission has a clear legal duty to provide such relief, and that there is no adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 162-63 (1967). Mandamus may lie if the commission abused its discretion by entering an order unsupported by evidence in the record or if there is a legal basis to compel the commission to perform its duties in accordance with law. *State ex rel. Cassens Corp. v. Indus. Comm.*, 2024-Ohio-526, ¶ 10. If some evidence exists in the record to support the commission's findings, this court may not "second-guess the commission's evaluation of the evidence." *State ex rel. Black v. Indus. Comm.*, 2013-Ohio-4550, ¶ 22. With respect to legal questions, a writ of mandamus may issue against the commission " 'if the commission has incorrectly interpreted Ohio law.' " *Cassens* at ¶ 10, quoting *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65 (1975).

{¶ 12} Through her objections to the magistrate's decision, Ms. McCormack argues both the magistrate and the commission erred in their interpretation of R.C. 4123.522. That statute provides:

> The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice for orders issued under divisions (C) and (D) of section 4123.511 and section 4123.512 of the Revised Code. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the

employer and his representative of record, and by both the administrator and his representative.

If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.

R.C. 4123.522.

{¶ 13} Ms. McCormack argues that, under the terms of R.C. 4123.522, relief is still available to her because although her counsel received notice of the order, the notice was untimely. Thus, Ms. McCormack argues R.C. 4123.522 applies to allow her to file her appeal within 21 days of her counsel's receipt of the order. We disagree with Ms. McCormack's interpretation of the statute.

{¶ 14} Contrary to Ms. McCormack's position, the relief provided under R.C. 4123.522 to file an appeal beyond the ordinary 14-day deadline contained in R.C. 4123.511(D) does not apply automatically. Instead, as the magistrate explained, R.C. 4123.522 provides a *process* for rebutting the presumption that notice was received in due course after mailing. To qualify for an extension of time to appeal a commission order, "the party alleging the failure to receive notice must *first* prove that (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice." (Emphasis added.) *State ex rel. LTV Steel Co. v. Indus. Comm.*, 2000-Ohio-328, ¶ 8, citing *Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180 (1989). Ms. McCormack's interpretation of the statute ignores the portion of R.C. 4123.522 that requires a commission hearing to determine the issue of whether to grant a 21-day appeal period. *See Weiss* at 182 (upon discovery that a party or their representative did not receive notice of a commission order, "[i]t was first necessary . . . to apply to the commission

pursuant to R.C. 4123.522 for a determination that the presumption of receipt of the decision was factually incorrect and, thus, the filing of an appeal should be allowed").

{¶ 15} By the plain language of R.C. 4123.522, before a party may seek additional time to appeal a commission order, the party must first demonstrate a failure to receive the notice. *State ex rel. Tisdale v. Cherry Hill Mgt.*, 2000-Ohio-369, ¶ 9 ("[t]here is no inquiry into a party's actual knowledge of an order's content, unless the party *first* establishes that the order was not received") (Emphasis in original.). The commission found, and Ms. McCormack agrees in her objections, that counsel for Ms. McCormack **did** receive notice of the DHO's December 10, 2020 order by February 18, 2021 at the latest, the date on which counsel filed the notice of appeal. Despite this concession, Ms. McCormack argues the statutory requirement that a party did not receive notice must be understood to apply only where a party fails to receive **timely** notice of the order. Without reading in the word "timely," Ms. McCormack asserts the statute would almost never apply because a party must eventually receive the notice to have something from which to attempt a delayed appeal.

{¶ 16} A court's duty is to give effect to the words used in a statute, not to delete or insert words. *See, e.g., Ayers v. Cleveland*, 2020-Ohio-1047, ¶ 17. When the text of a statute is plain and unambiguous, we must give effect to the legislature's intent by simply applying the law as written. *State v. Kreischer*, 2006-Ohio-2706, ¶ 12. Ms. McCormack's argument highlights the narrowness of the application of R.C. 4123.522, and we agree that the statute, as written, will apply only in highly specific situations. However, the Supreme Court of Ohio has explained that "R.C. 4123.522 is a narrow statute designed to remedy a *single* specific problem—a party's failure to receive notice of a commission decision." (Emphasis in original.) *Tisdale* at ¶ 9. Mandamus will not lie merely because a statute, as written, is narrow and applies only in a small number of cases. It is for the General Assembly, and not this court, to consider expanding or altering the mechanisms for delayed commission appeals to parties who receive untimely notice of a commission order beyond the commission's invocation of continuing jurisdiction under R.C. 4123.522 which, as the magistrate noted, Ms. McCormack did not seek to invoke.

{¶ 17} For these reasons, the magistrate correctly determined that R.C. 4123.522 applies only when a party or their representative did not receive notice of the commission's

order. Thus, we agree with the magistrate that because the commission had some evidence that counsel for Ms. McCormack had received notice of the December 10, 2020 order when counsel filed the February 18, 2021 appeal from that order before seeking R.C. 4123.522 relief, the commission did not abuse its discretion in denying Ms. McCormack's request for R.C. 4123.522 relief. Therefore, we overrule Ms. McCormack's objections to the magistrate's decision.

{¶ 18} Though not raised by Ms. McCormack, we note that the portion of the magistrate's decision at paragraphs 62 and 63 questioning whether Ms. McCormack, herself, may have received notice of the December 10, 2020 order is speculative and not relevant to our discussion. Accordingly, we strike that portion of the magistrate's decision and limit our analysis to whether and when Ms. McCormack's counsel received notice of the December 10, 2020 order.

## III. Disposition

{¶ 19} Following our independent review of the record, pursuant to Civ.R. 53, we find the magistrate properly applied the relevant law to the salient facts in reaching the conclusion that there was some evidence to support the commission's determination that Ms. McCormack is not entitled to R.C. 4123.522 relief. Therefore, we adopt the magistrate's findings of fact and conclusions of law to the extent indicated in our decision, and we overrule Ms. McCormack's objections to the magistrate's decision. In accordance with the magistrate's decision, we deny Ms. McCormack's request for a writ of mandamus.

*Objections overruled;*
*writ of mandamus denied.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____

[Cite as *State ex rel. McCormack v. Ashtabula Cty. Med. Ctr.*, 2025-Ohio-5151.]

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Angela M. McCormack, | : | |
| Relator, | : | |
| v. | : | No. 24AP-270 |
| Ashtabula County Medical Center et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |
| | : | |

---

### MAGISTRATE'S DECISION

Rendered on July 16, 2025

---

*Nager*, *Romaine & Schneiberg*, *Co.*, *L.P.A.*, *Catherine Lietzke*, and *C. Bradley Howenstein*, for relator.

*Dinsmore & Shohl LLP*, *Melissa A. Black*, and *Jared L. Buker*, for respondent Ashtabula County Medical Center.

*Dave Yost,* Attorney General, and *Natalie J. Tackett,* for respondent Industrial Commission of Ohio.

---

### IN MANDAMUS

{¶ 20} Relator Angela M. McCormack sought the allowance of her workers' compensation claim in 2020. Respondent Industrial Commission of Ohio ("commission"), through a district hearing officer, denied McCormack's request to allow the claim in an order issued by mail on December 10, 2020. Over three months later, on February 18, 2021, McCormack, through counsel, appealed the district hearing officer's order. A commission staff hearing officer denied McCormack's appeal because it was not timely filed.

{¶ 21} Thereafter, McCormack sought relief under R.C. 4123.522, which permits an extension of the time limits for appeal, based on an assertion that McCormack's counsel did not receive a copy of the district hearing officer's order until February 18, 2021—the date the appeal was filed. In May 2021, a staff hearing officer issued an order denying McCormack's request for relief under R.C. 4123.522.

{¶ 22} Nearly three years later, in April 2024, McCormack challenged the commission's denial of relief under R.C. 4123.522 through the filing of this mandamus action. McCormack has requested a writ of mandamus ordering the commission to grant relief under R.C. 4123.522, or, in the alternative, a limited writ ordering the commission to conduct another hearing on her request for relief under R.C. 4123.522. For the following reasons, the magistrate recommends denying McCormack's request for a writ of mandamus.

## I. Findings of Fact

{¶ 23} 1. In 2020, three first report of an injury, occupational disease or death ("FROI-1") forms were submitted regarding an alleged injury or occupational disease sustained by McCormack arising out of her employment with respondent Ashtabula County Medical Center, a self-insuring employer.

{¶ 24} 2. On December 8, 2020, a commission district hearing officer conducted a hearing on the issue of whether McCormack's claim should be allowed. In an order issued by mail on December 10, 2020, the district hearing officer noted that McCormack and McCormack's counsel were present for the December 8, 2020 hearing. The district hearing officer further noted that at the December 8, 2020 hearing, "[c]ounsel for [McCormack] specifically requested the claim be allowed for the following conditions as an occupational disease resulting from repetitive typing and writing: bilateral lateral epicondylitis, bilateral medial epicondylitis, bilateral wrist sprain and bilateral carpal tunnel syndrome." (Stip. at 13.) McCormack's counsel also requested temporary total disability compensation from September 18 through November 13, 2020.

{¶ 25} Based on the report of a physician, the district hearing officer found that McCormack "failed to sustain her burden of proving she contracted an occupational disease in the course of her employment as a wellness nurse." (Stip. at 13.) As a result, the district hearing officer ordered that McCormack's claim be disallowed in its entirety. The order

noted that a notice of appeal "may be filed within 14 days of the receipt of the order." *Id.* The order reflected that it was mailed to both McCormack, at the address provided in the FROI-1 forms, and the office of McCormack's counsel.[1]

{¶ 26} 3. On February 18, 2021, McCormack, through counsel, filed a notice of appeal (also known as an "IC-12" form) from the district hearing officer's December 10, 2020 order. The notice of appeal listed February 18, 2021 as the date the order was received. The following was provided as the reason for appeal: "Claim should be allowed." (Stip. at 12.)

{¶ 27} 4. On March 17, 2021, a commission staff hearing officer conducted a hearing on McCormack's February 18, 2021 appeal. In an order issued by mail on March 19, 2021, the staff hearing officer found that "there is no jurisdiction to address [McCormack's] Appeal filed [February 18, 2021] to the District Hearing Officer order issued [December 10, 2020], at this time, as it was not timely filed." (Stip. at 10.)

{¶ 28} 5. On April 5, 2021, McCormack filed an appeal from the staff hearing officer's March 19, 2021 order. The following statement was provided as the reason for the appeal: "[C]laim should be allowed and appeal should be accepted." (Stip. at 8.) The appeal indicated that "[a]dditional evidence will NOT be submitted." (Emphasis in original.) *Id.*

{¶ 29} 6. On April 6, 2021, McCormack's counsel filed a request for .522/.52 relief ("IC-52") form. The IC-52 form asked the filer to indicate the party requesting relief, providing options for the filer to indicate "injured worker" or "injured worker's representative," among others. (Stip. at 9.) McCormack's counsel indicated on the form that relief was sought only by McCormack's counsel as the "injured worker's representative." *Id.*

{¶ 30} Additionally, the form provided options for the filer to indicate whether relief was sought under R.C. 4123.522 or R.C. 4123.52. Indicating that relief was sought under R.C. 4123.522, but not R.C. 4123.52, McCormack's counsel asserted that relief should be granted because the December 10, 2020 district hearing officer order was "[m]ailed to the proper address, but I did not receive it." *Id.* To support this request, McCormack's counsel

---

[1] The December 10, 2020 district hearing officer order includes the five-digit zip code plus four-digit extension information for both McCormack's and her counsel's addresses. The four-digit extension information for McCormack's address was not included in the FROI-1 forms. No party argues or provides any evidence in this matter that the December 10, 2020 district hearing officer order inaccurately listed the addresses for McCormack or her counsel.

provided an affidavit dated April 5, 2021. In the April 5, 2021 affidavit, McCormack's counsel stated:

> I did not receive the [district hearing officer] Order mailed on or about December 10, 2021 refusing the appeal filed February 18, 2021 from the order issued December 10, 2021 by the Staff Hearing Officer. The failure of notice was due to circumstances beyond my control, was not due to my fault or neglect, and I had no prior actual knowledge of the information contained in the notice.

(Stip. at 7.)

{¶ 31} 7. The commission, through a staff hearing officer, refused McCormack's April 5, 2021 appeal in an order issued by mail on April 8, 2021.

{¶ 32} 8. McCormack's counsel filed another affidavit dated May 4, 2021. In the May 4, 2021 affidavit, McCormack's counsel stated:

> I did not receive the [district hearing officer] Order mailed on or about December 10, 2021 ("DHO Order"). I first learned the contents of the DHO Order on February 18, 2021. Immediately after learning the contents of the DHO Order, I filed an appeal. An appeal was filed on February 18, 2021. The failure of notice was due to circumstances beyond my control, was not due to my fault or neglect, and I had no prior actual knowledge of the information contained in the notice.

(Stip. at 4.) McCormack's counsel further stated that the "affidavit dated April 5, 2021 contained clerical errors." *Id.*

{¶ 33} 9. A staff hearing officer conducted a hearing on the April 6, 2021 IC-52 request on May 5, 2021. In an order issued by mail on May 8, 2021, the staff hearing officer denied the request for relief under R.C. 4123.522. The staff hearing officer noted the May 4, 2021 affidavit of McCormack's counsel and the arguments made by McCormack's counsel at the May 5, 2021 hearing that the December 10, 2020 district hearing officer order was not received by McCormack's counsel. The staff hearing officer found "there is conflicting evidence in file with respect to this R.C. 4123.522 issue" and made the following findings:

> The Hearing Officer finds that [McCormack's] Counsel actually filed an IC-12 appeal to the [December 10, 2020] district hearing officer order on [February 18, 2021]. The appeal asserts, on its face, that Counsel received the [December 10, 2020] District Hearing Officer Order on [February 18, 2021]. The appeal further reflects that Counsel

had actual knowledge of the import of the [December 10, 2020] District Hearing Officer Order as the appeal specifies that the claim "should be allowed." The Hearing Officer infers from this statement that [McCormack's] Counsel had knowledge that the [December 10, 2020] District Hearing Officer Order denied this claim.

(Stip. at 1.)

{¶ 34} The staff hearing officer noted that both McCormack and McCormack's counsel were present at the March 17, 2021 hearing on the issue of McCormack's February 18, 2021 appeal. The staff hearing officer noted that no request for relief under R.C. 4123.522 was filed before the March 17, 2021 hearing. The staff hearing officer further noted that McCormack's counsel did not file the April 6, 2021 request for relief under R.C. 4123.522 until after McCormack filed an appeal of the March 19, 2021 staff hearing officer order.

{¶ 35} Denying the request for relief under R.C. 4123.522, the staff hearing officer made the following findings:

The Hearing Officer finds that in order to be eligible for R.C. 4123.522 relief, a party must demonstrate that [they] did not receive the order in issue. The evidence in file establishes that [McCormack's] Counsel actually received the [December 10, 2020] District Hearing Officer Order on [February 18, 2021]. This finding is based upon the IC-12 Appeal filed February 18, 2021. In addition, [McCormack] testified at the hearing that she actually contacted her legal representative in February 2021 to inquire concerning the anticipated decision from the District Hearing Officer hearing of [December 8, 2020]. McCormack further testified that this prompted her counsel's office to review the Industrial Commission's Claims System, whereupon it was discovered that the [December 10, 2020] District Hearing Officer Order had been placed. Furthermore, the Hearing Officer finds that to qualify for relief pursuant to R.C. 4123.522, a party must establish that [they] did not have actual knowledge of the import of the order in question. Again, the Hearing Officer finds that [McCormack's] Counsel had actual knowledge of the import of the District Hearing Officer Order issued [December 10, 2020]. This is reflected in his appeal request asking that this "claim be allowed." . . . As stated in *Moore v. National Castings, Inc.*, . . . "R.C. 4123.522 is designed to afford relief where notice is not received by either the party or his representatives, and one or both of them has no

knowledge of the decision." . . . These elements are absent in this present claim.

In addition, at the outset of this hearing, [McCormack's] Counsel clarified that he is seeking relief pursuant to the provisions of R.C. 4123.522. No arguments were presented by Counsel at this hearing in support of invocation of continuing jurisdiction under R.C. 4123.52. No arguments were presented by [McCormack's] Counsel to establish any of the pre-requisite grounds for invoking continuing jurisdiction.

(Stip. at 2.)

{¶ 36} 10. On August 11, 2021, the commission issued an order dismissing a request for reconsideration filed by McCormack on May 21, 2021 from the May 8, 2021 staff hearing officer order. The commission found that it lacked jurisdiction to consider McCormack's request for reconsideration because McCormack had filed an appeal with the Ashtabula County Common Pleas Court on June 10, 2021. As a result of the dismissal of the request for reconsideration, the commission stated that the May 8, 2021 staff hearing officer order "remains in full force and effect." (Supp. Stip. at 18.)

{¶ 37} 11. McCormack commenced this action by filing her complaint in mandamus on April 19, 2024.

{¶ 38} 12. On May 20, 2024, McCormack filed an amended complaint to correct the name of Ashtabula County Medical Center in the case caption.

{¶ 39} 13. The parties filed a joint stipulation of evidence on August 6, 2024. A supplemental stipulation of evidence was filed on June 4, 2025.

## II. Discussion and Conclusions of Law

{¶ 40} McCormack seeks a writ of mandamus ordering the commission to grant her relief under R.C. 4123.522 or, in the alternative, a limited writ of mandamus remanding this matter back to the commission for a rehearing on the merits.

## A. Requirements for Mandamus

{¶ 41} For a writ of mandamus to issue, McCormack must establish a clear legal right to the requested relief, that the commission has a clear legal duty to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). "A writ of mandamus may lie when there is a legal basis to compel the commission to perform its duties under the law or when

the commission has abused its discretion in carrying out its duties." *State ex rel. Cassens Corp. v. Indus. Comm. of Ohio*, 2024-Ohio-526, ¶ 10. With regard to legal questions, a writ of mandamus " 'may issue against the Industrial Commission if the commission has incorrectly interpreted Ohio law.' " *Id.*, quoting *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65 (1975).

{¶ 42} With regard to factual determinations, where there is no evidence upon which the commission could have based its factual determination, the commission has abused its discretion and the issuance of a writ of mandamus is appropriate. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165, 167 (1981). *See State ex rel. Johnson v. Indus. Comm.*, 11 Ohio App.3d 22, 23 (10th Dist. 1983) ("For more than fifty years, the 'some-evidence' rule, although not always referred to by that name, has been recognized as the rule to be applied in determining whether there has been an abuse of discretion with respect to factual matters."). "The commission is the exclusive finder of fact and has the sole responsibility to evaluate the weight and credibility of the evidence." *See State ex rel. Kidd v. Indus. Comm.*, 2023-Ohio-2975, ¶ 17.

## B. Time to Appeal, Notice, and Continuing Jurisdiction of the Commission

{¶ 43} This matter involves several different sections of the Workers' Compensation Act pertaining to topics including the determination of a worker's right to participate, the time for the filing of an appeal from an order of the commission, a party's right to notice of an order of the commission, the effect of a party's failure to receive the notice, and the commission's continuing jurisdiction.

*1. Right to Participate and Time for Appeal from Orders of the Commission*

{¶ 44} "Ohio's workers' compensation system is the exclusive statutory remedy for work-related injuries." *Clendenin v. Girl Scouts of W. Ohio*, 2017-Ohio-2830, ¶ 9. Under this statutory framework, " 'a litigant has no inherent right of appeal' " other than as provided by law. *Felty v. AT&T Technologies, Inc.*, 1992-Ohio-60, 65 Ohio St.3d 234, 237, quoting *Cadle v. Gen. Motors Corp.*, 45 Ohio St.2d 28, 33 (1976).

{¶ 45} "The right to participate is a threshold determination of the jurisdiction of the commission." *Clendenin* at ¶ 13. "The right to participate means that the claimant's injury occurred in the course of and arising out of the claimant's employment." *Id*. When a claim

or condition is disallowed by the commission, the claimant is denied the right to participate and "all benefits and compensation must be denied for that claim or condition." *Id.*

{¶ 46} R.C. 4123.511 provides the process for determining a worker's right to participate upon receipt of a claim, including the process for self-insured claims and appeal from an initial determination or tentative order. If an employer or claimant appeals a tentative order of the Bureau of Workers' Compensation ("bureau") or if the case involves a contested claim other than a state fund claim, the commission must refer the claim for a hearing before a district hearing officer. R.C. 4123.511(C). *See State ex rel. Sugardale Foods, Inc. v. Indus. Comm.*, 2000-Ohio-185, ¶ 11 ("R.C. 4123.511(C) specifically requires the commission to refer to district hearing officers contested claims against self-insured employers.").

{¶ 47} Upon the issuance of the district hearing officer's order, "any party may appeal" by filing notice "within fourteen days **after receipt of the order**" of the district hearing officer. (Emphasis added.) R.C. 4123.511(C). Upon the timely filing of an appeal from the district hearing officer's order, the commission must refer the claim to a staff hearing officer for determination. R.C. 4123.511(D). As with appeals of a district hearing officer's order, "any party may appeal" a staff hearing officer's order "within fourteen days after receipt of the order." R.C. 4123.511(D).

{¶ 48} After a staff hearing officer issues an order, the statute then provides for the right to appeal to the commission. The commission—either by its own action or through a designated staff hearing officer—will issue an order determining whether the commission will hear the appeal. R.C. 4123.511(E). Upon the issuance of the commission's final order, whether refusing to hear the appeal or determining the merits of an allowed appeal, the right to appeal is provided as follows: "Except as otherwise provided in this chapter and Chapters 4121., 4127., and 4131. of the Revised Code, any party may appeal an order issued under this division to the court pursuant to section 4123.512 of the Revised Code within sixty days after receipt of the order, subject to the limitations contained in that section." R.C. 4123.511(E).

{¶ 49} R.C. 4123.512, which sets forth the procedure for appeals to the court of common pleas from a final order of the commission under R.C. 4123.511(E), provides: "The claimant or the employer may appeal an order of the industrial commission made under

[R.C. 4123.511(E)] in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted." R.C. 4123.512(A). Importantly, "R.C. 4123.512 provides the exclusive procedure for appealing a final decision of the commission regarding a claimant's right to participate in the workers' compensation fund." *Robinson v. Kokosing Constr. Co.*, 2006-Ohio-1532, ¶ 10 (10th Dist.). *See Ward v. Kroger Co.*, 2005-Ohio-3560, ¶ 9 (stating that R.C. 4123.512 "clearly contemplates the general nonappealability of commission orders and, in the case of claims for initial allowance, withholding judicial review until after the claim runs the gamut of successive administrative hearings provided for under R.C. 4123.511").

{¶ 50} "Under R.C. 4123.512, claimants and employers can appeal Industrial Commission orders to a common pleas court only when the order grants or denies the claimant's right to participate." *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 278 (2000). On the other hand, final administrative decisions of the commission that do not involve the right to participate, including decisions on extent of disability, are not appealable and must, therefore, be challenged in mandamus or in an action for declaratory judgment. *Clendenin*, 2017-Ohio-2830, at ¶ 12, citing *Afrates v. Lorain*, 63 Ohio St.3d 22 (1992), paragraph three of the syllabus.

*2. Right to Notice and Effect of Failure to Receive Notice*

{¶ 51} R.C. 4123.522, which governs notice requirements under the Workers' Compensation Act, provides as follows:

> The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter . . . An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.

> If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the

> notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.

R.C. 4123.522. Thus, R.C. 4123.522 achieves multiple aims. First, it entitles the employee, the employer, and their representatives to notice of all hearings, determinations, orders, awards, or decisions issued by the bureau or commission. *See State ex rel. Walls v. Indus. Comm.*, 2000-Ohio-51, ¶ 8. Second, the statute "provides 'a rebuttable presumption, sometimes called the "mailbox rule," that, once a notice is mailed, it is presumed to be received in due course.' " *State ex rel. Nerlinger v. AJR Ents.*, 2006-Ohio-6143, ¶ 10 (10th Dist.), quoting *Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180 (1989). Third, the statute provides a process for rebutting that presumption where a party or their representative fails to receive the required notice. *Weiss* at 180. Fourth, where a party has successfully rebutted the presumption, the statute provides relief by permitting the party to "file a belated appeal to the order, once discovered." *Walls* at ¶ 8.

{¶ 52} In order to qualify for an extension of time to appeal under R.C. 4123.522, "the party alleging the failure to receive notice must first prove that (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice." *State ex rel. LTV Steel Co. v. Indus. Comm.*, 88 Ohio St.3d 284, 286 (2000), citing *Weiss* at 180. Once these elements have been established and relief under R.C. 4123.522 is granted, the party is granted an extension of the time to appeal. *See Weiss* at 182 (stating that relief under R.C. 4123.522 "prevails over the general provisions . . . as to the time for appeal").

{¶ 53} Decisions of the commission on requests for relief under R.C. 4123.522 are not appealable to a common pleas court under R.C. 4123.512, but instead must be challenged through a mandamus action. *Walls* at ¶ 12-13, quoting *Felty,* 65 Ohio St.3d at 239 (stating that "[a]n objection to R.C. 4123.522 relief does not fit [the] criterion" for an order appealable to a common pleas court under R.C. 4123.512 because such an objection does not concern the " 'essential decision to grant, to deny, or to terminate the employee's

participation or continued participation in the system' "); *State ex rel. Prestige Delivery Sys. v. Schroeder*, 2003-Ohio-3329, ¶ 25 (10th Dist.) ("[F]or consistency purposes and in accordance with the principles set forth in *Liposchak*, the order of the commission, whether it be the denial or grant of a R.C. 4123.522 request, is not appealable to the common pleas court pursuant to R.C. 4123.512. Only a mandamus action is available to challenge that order."). Where an order granting or denying relief under R.C. 4123.522 is supported by some evidence in the record, the commission has not abused its discretion. *State ex rel. Hernandez v. Indus. Comm. of Ohio*, 2021-Ohio-3217, ¶ 26 (10th Dist.).

*3. Continuing Jurisdiction of the Commission*

{¶ 54} Pursuant to R.C. 4123.52, the commission has continuing jurisdiction over each case and, subject to certain temporal limitations, it "may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." R.C. 4123.52(A). Despite this "broad statutory language," the Supreme Court of Ohio has construed R.C. 4123.52 to limit the commission's continuing jurisdiction, holding that "the prerequisites for its exercise are (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal." *State ex rel. Knapp v. Indus. Comm.*, 2012-Ohio-5379, ¶ 13. *See State ex rel. Griffey v. Indus. Comm.*, 125 Ohio St. 27, 30-31 (1932) (stating that G.C. 1465-86, which allowed the commission to " 'from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified,' . . . could not have been intended to take away all finality to the orders and findings of the commission").

{¶ 55} Provided that at least one of the five criteria justifying its use has been established, the commission is permitted to exercise continuing jurisdiction, "subject to (1) the temporal limitations set forth in R.C. 4123.52(A), (2) the rule that the filing of an appeal or an action in mandamus terminates the commission's continuing jurisdiction . . . and (3) the rule that the commission must exercise its continuing jurisdiction within a reasonable amount of time given the facts of each particular case." *State ex rel. Neitzelt v. Indus. Comm.*, 2020-Ohio-1453, ¶ 18. Thus, "R.C. 4123.52(A) grants the commission broad

authority to exercise its continuing jurisdiction, regardless of the availability of an R.C. 4123.512(A) appeal." *Id.*

**D. Analysis**

{¶ 56} The procedural history of this matter is, in a word, unusual. To review, McCormack's claim was disallowed by the district hearing officer's order issued on December 10, 2020. McCormack's counsel filed an IC-12 notice of appeal on February 18, 2021, indicating that the December 10, 2020 order was received on February 18, 2021. The staff hearing officer denied McCormack's appeal as untimely in an order issued on March 19, 2021. McCormack appealed the staff hearing officer's order on April 5, 2021. Before this appeal was decided, McCormack, through counsel, filed a request for relief under R.C. 4123.522. The commission then refused McCormack's April 5, 2021 appeal on April 8, 2021. A commission staff hearing officer denied McCormack's R.C. 4123.522 request on May 8, 2021.

{¶ 57} Ordinarily, a party alleging that they did not receive an order of the commission seeks relief under R.C. 4123.522 *before* filing a notice of appeal from the order they allegedly did not receive. *See Weiss* at 182 (stating that upon the discovery of a party's representative that it had not received an order, "[i]t was first necessary, as counsel did, to apply to the commission pursuant to R.C. 4123.522 for a determination that the presumption of receipt of the decision was factually incorrect and, thus, the filing of an appeal should be allowed"). By requesting and receiving relief under R.C. 4123.522 prior to filing a notice of appeal, the party has an opportunity to rebut the presumption under the mailbox rule inherent in R.C. 4123.522 that notice has been received. *See id.* This process comports with express purpose of the relief afforded under R.C. 4123.522—to remedy a party's failure to receive notice of an order by extending the time to appeal the order. *See Weiss* at 182 (stating that "[t]he purpose of R.C. 4123.522 is to extend the time for appeal in any case where a person can rebut the presumption of receipt of notice of the decision from the commission arising under the 'mailbox rule.' "). Still, this court has previously addressed circumstances in which a party filed a notice of appeal from an order they allegedly did not receive before the commission had adjudicated a request for relief under R.C. 4123.522. *See State ex rel. Scott v. Connor*, 16 Ohio App.3d 151 (10th Dist. 1984). *See also State ex rel. Diaz v. Indus. Comm.*, 88 Ohio St.3d 281, 282-283 (2000) (discussing the

commission's granting of relief under R.C. 4123.522 where the claimant, who failed to appeal a district hearing officer's order, had previously sought the continuing jurisdiction of the commission under R.C. 4123.52 and then asserted that he never received the district hearing officer's order).

{¶ 58} Notwithstanding the fact that McCormack, through counsel, filed a notice of appeal from the December 10, 2020 district hearing officer order before seeking relief under R.C. 4123.522, McCormack argues that the staff hearing officer's order denying relief under R.C. 4123.522 was an abuse of discretion because McCormack's counsel did not receive the district hearing officer's order. McCormack argues that at the hearing on the R.C. 4123.522 request, "[c]ounsel for [McCormack] asserted that he had not received the District Hearing Officer's Order issued on [December 10, 2020]." (McCormack's Brief at 5.) Additionally, McCormack states that "[a]n affidavit of counsel . . . filed May 4, 2021 was offered in support of this assertion" as well as "the IC-12 Appeal filed February 18, 2021 and the testimony of [McCormack]." *Id.*

{¶ 59} Initially, it is noted that no transcript of the May 5, 2021 hearing is present in the record of this matter. As a result, review of any testimony presented at the hearing is limited to the findings in the staff hearing officer's order. *See generally State ex rel. Stevens v. Indus. Comm. of Ohio*, 2012-Ohio-4408, ¶ 11 (10th Dist.) (stating that "[t]he relator, not the respondent, bears the burden to prove entitlement to mandamus relief, and a relator may not avoid that burden simply by noting the absence of a transcript"); *State ex rel. Druggan v. Indus. Comm.*, 1999-Ohio-335, ¶ 10 ("A presumption of regularity accompanies commission orders.").

{¶ 60} Turning to the issue at hand, it was not an abuse of discretion for the staff hearing officer to deny relief under R.C. 4123.522 because there was some evidence to support this determination. The staff hearing officer, noting that a party must demonstrate they did not receive the order at issue in order to qualify for relief under R.C. 4123.522, found that McCormack's counsel "actually received" the December 10, 2020 district hearing officer order on February 18, 2021 based upon the IC-12 notice of appeal filed that same day by McCormack's counsel. (Stip. at 2.) The staff hearing officer found that the IC-12 notice of appeal "asserts, on its face, that Counsel received the [December 10, 2020] district hearing Order on [February 18, 2021]." *Id.* at 1. Indeed, in space marked for

providing the "Date Order Received" on the IC-12 notice of appeal, McCormack's counsel indicated in a handwritten notation that February 18, 2021 was the date the district hearing officer's order was received. (Stip. at 12.) Nothing on the IC-12 notice of appeal reflects that either McCormack or her counsel did not receive the order in question.

{¶ 61} The relief afforded under R.C. 4123.522 is only available where a party "fails to receive the notice" that is required to be provided. *See State ex rel. Tisdale v. Cherry Hill Mgt.*, 2000-Ohio-369, ¶ 9 ("R.C. 4123.522 is a narrow statute designed to remedy a *single* specific problem—a party's failure to receive notice of a commission decision. There is no inquiry into a party's actual knowledge of an order's content, unless the party *first* establishes that the order was not received." (Emphasis in original.)); *State ex rel. BF Goodrich Co. v. Indus. Comm.*, 2015-Ohio-2239, ¶ 17 (10th Dist.) (agreeing with arguments that "R.C. 4123.522 does not apply and that the appeal was timely filed because it was filed within 14 days of the date of receipt" because "[t]his is not a case where a party failed to receive the . . . order"); *State ex rel. Tipp City Schools v. Indus. Comm.*, 2006-Ohio-6948, ¶ 24-25 (10th Dist.). This first element—the failure to receive notice—must be met before a party may seek to avail themselves of the relief afforded under the statute. Because there is some evidence supporting the finding that McCormack's counsel received the order in question, the commission did not err in determining that R.C. 4123.522 did not apply.

{¶ 62} McCormack argues in her brief that "neither [McCormack] nor [McCormack's] counsel had actual or constructive notice" of the December 10, 2020 district hearing officer's order "until after the fourteen day appeal period for filing an appeal had passed." (McCormack's Brief at 7.) However, McCormack's request for relief under R.C. 4123.522 was based on the assertion that McCormack's *counsel* did not receive the order. Neither the April 6, 2021 request for relief under R.C. 4123.522 filed by McCormack's counsel nor the affidavits of McCormack's counsel mention that McCormack herself did not receive the order. Nor does the staff hearing officer's May 8, 2021 order reflect that a challenge was made on this basis. Rather, the staff hearing officer stated that "[c]ounsel asserts that he never received" the December 10, 2020 order. (Stip. at 20.)

{¶ 63} Though the staff hearing officer's order reflects McCormack's testimony that "she actually contacted her legal representative in February 2021 to inquire concerning the anticipated decision from the District Hearing Officer hearing" on December 8, 2020, the

staff hearing officer did not find that McCormack herself failed to receive the order in question. (Stip. at 2.) To the contrary, the staff hearing officer noted that R.C. 4123.522 is designed to afford relief where notice is not received by either the party or their representative and stated that "[t]hese elements are absent in this present claim." *Id.* To the extent that McCormack seeks to challenge this finding based on an argument that McCormack or her counsel did not actually receive the order in question, relief in mandamus is not available as the commission is exclusively responsible for evaluating the weight and credibility of the evidence and need not explain why it finds testimony unpersuasive. *Nerlinger* at ¶ 7.

{¶ 64} Left unanswered, of course, is the impact on the timeliness of McCormack's appeal of the December 10, 2020 order based upon the finding that McCormack's counsel actually received that order on February 18, 2021—the same date that the notice of appeal was filed. *See* R.C. 4123.511(C) (providing right to appeal a district hearing officer's order within 14 days after receipt of the order). As the staff hearing officer's order denying McCormack's request for relief under R.C. 4123.522 makes clear, McCormack did not seek to invoke the commission's continuing jurisdiction. *See generally State ex rel. Sears, Roebuck & Co. v. Indus. Comm.*, 2 Ohio App.3d 255, 256-257 (10th Dist. 1982) (finding that although relief under R.C. 4123.522 "is available only where notice of a hearing has been mailed but not received," the commission nevertheless retained the "power under R.C. 4123.52 to . . . vacate the order that resulted from the hearing where only one party had been represented"). The staff hearing officer stated that McCormack's counsel did not present any arguments "in support of invocation of continuing jurisdiction under R.C. 4123.52" or "to establish any of the pre-requisite grounds for invoking continuing jurisdiction." (Stip. at 2.) As the issue of the commission's continuing jurisdiction was never raised before the commission in the first instance, this court cannot do so now through mandamus. *See State ex rel. Superior's Brand Meats, Inc. v. Indus. Comm.*, 63 Ohio St.3d 277, 280 (1992) (stating that the "question of whether the commission had or did not have continuing jurisdiction . . . would be in the first instance for the commission to specifically determine"); *State ex rel. Std. Prods. Co. v. Indus. Comm.*, 2004-Ohio-5263, ¶ 5 (10th Dist.) (stating that the relator's motion "did not ask the commission to exercise continuing jurisdiction under R.C. 4123.52 based upon an alleged mistake of law" and "[a]s a result,

we are unable to conclude that the commission abused its discretion in failing to construe the motion in the manner now sought by relator").

{¶ 65} Moreover, McCormack does not seek review in this mandamus action of the commission's orders denying her appeal of the December 10, 2020 order as untimely. Therefore, the question of whether the commission erred in denying her appeal on that basis is not before this court. *See State ex rel. Kreitzer v. Indus. Comm.*, 2025-Ohio-281, ¶ 21 (10th Dist.).

**E. Conclusion**

{¶ 66} McCormack has not established the commission abused its discretion by denying her request for relief under R.C. 4123.522. As a result, McCormack has not established a clear legal right to the requested relief or a clear legal duty on the part of the commission to provide it. Accordingly, it is the decision and recommendation of the magistrate that this court should deny McCormack's request for a writ of mandamus.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.